162 So.2d 298 (1964)
NAT HARRISON ASSOCIATES, INC., a Florida corporation, Appellant,
v.
FLORIDA POWER & LIGHT COMPANY, a Florida corporation, Appellee.
No. 63-355.
District Court of Appeal of Florida. Third District.
March 31, 1964.
Rehearing Denied April 20, 1964.
*299 Sam Daniels, Miami, for appellant.
Blackwell, Walker & Gray and James E. Tribble, Miami, for appellee.
Before BARKDULL, C.J., and TILLMAN PEARSON and HENDRY, JJ.
BARKDULL, Chief Judge.
By this appeal, the appellant seeks reversal of a final judgment finding liability from the appellant to the appellee under an indemnification agreement. The final judgment was rendered upon a jury verdict as to amount, after a partial summary judgment as to liability had been entered by the trial court.
The principal point on appeal is that the trial judge erred in rendering the partial summary judgment in that, as a matter of law, the written contracts failed to establish any indemnification agreement on the part of the appellant to indemnify the appellee against its own negligence. We conclude that the trial judge misapplied the law to the undisputed evidence in this record, and that it was error to enter the partial summary judgment and, therefore, the verdict and final judgment must fall.
It is the general principle of law that contracts of indemnification which attempt to relieve a party of its own negligency are not looked upon with favor. See: Altemus v. Pennsylvania Railroad Company, Del. 1962, 210 F. Supp. 834; City of Oakland v. Oakland Unified School District, 1956, 141 Cal. App.2d 733, 297 P.2d 752. In order for such a contract to be so construed, it must be clear and unequivocal. See: Jackson v. Florida Weather-makers, Fla. 1951, 55 So.2d 575; Kay v. Pennsylvania R. Co., 156 Ohio St. 503, 103 N.E.2d 751; 27 Am.Jur., Indemnity, § 15; cases collected in Division IV, Subdivision B, of the annotation beginning at page 8 of 175 A.L.R. In the instant case, the appellant and the appellee entered into an agreement which is termed the basic construction agreement, wherein and whereby the appellant [as contractor] was to perform certain work for the appellee [as owner] as requested by subsequent purchase orders to be issued by the company. Pertinent paragraphs of the basic construction contract applicable to this appeal are as follows:
"3. That no work referred to in Section 1 shall be performed under this Agreement except when specifically authorized by a Purchase Order issued by Company to Contractor, and that this Agreement does not bind Company to authorize such work. Each Purchase Order issued by Company to Contractor will specify general area in which work is to be performed, terms of payment, and such other conditions as may be applicable to but not included in, This Agreement. Each Purchase Order will authorize performance by Contractor of a specific job.
"16. That Contractor shall hold Company harmless and shall indemnify Company from any and all claims, actions, judgments, or expenses of litigation incidental thereto, arising out of any claims or actions attributable to Contractor's negligence or to Contractor's failure to fulfill in every respect any duty or obligation imposed upon Contractor under any provision hereof. * * *"
Thereafter, pursuant to the terms of this basic agreement, the company executed a purchase order to the contractor *300 and pertinent paragraphs of it to this appeal are as follows:
"NAT C. HARRISON ASSOCIATES hereinafter referred to as the Contractor, agrees to perform the work described in this order as an Independent Contractor and not as a Subcontractor, Agent or Employee of the Florida Power & Light Company, hereinafter referred to as the Company. The Company retains no control or direction over the Contractor and its employees or over the detail, manner or methods of performance of the described work by Contractor or its employees, and Contractor, upon acceptance of this purchase order, agrees to protect, defend and hold the Company free and unharmed against any liabilities whatsoever resulting in connection with performance of the described work by Contractor or its employees. [Emphasis added.]
* * * * * *
"Each Work Order is to be subject to all terms and conditions of the Contractual Agreement * * * just as if such terms were expressly written in each work order."
* * * * * *
It was the contention of the appellee that the provision emphasized above extended the indemnity by the contractor to cover indemnification to the company for its own negligence, although the company conceded that the original basic agreement had no such provision for indemnification to the company for its own negligence. In fact, it indicated to the contrary because it had numerous paragraphs which required the contractor to provide liability insurance to the company to cover it in the event of any negligence on its part or on the part of its employees, notwithstanding the fact that said agreement required the contractor to post "a performance bond from an acceptable surety company in the amount specified by Company, * * *". Both the original agreement and the purchase order were prepared by the company and, if there was any doubt in their terms or ambiguity, such doubt should be resolved adversely to the draftsman of the instrument. See: Lindquist v. Burklew, Fla.App. 1960, 123 So.2d 261; City of Oakland v. Oakland Unified School District, supra; Royal Indemnity Co. v. Gray, 1937, 289 Ill. App. 367, 7 N.E.2d 358; Pittsburgh Steel Company v. Patterson-Emerson-Comstock, Inc., 1961, 404 Pa. 53, 171 A.2d 185. However, it is apparent to this court [from a reading of the original construction contract and the purchase order] that said instruments do not create any ambiguity and do not require indemnification by the contractor to the company for its own negligence in that the portion of the purchase order which is emphasized above is a general statement which is clearly defined in the latter portion of the purchase order by the following language: "Each Work Order is to be subject to all the terms and conditions of the Contractual Agreement * * * just as if such terms were expressly written in each Work order." This portion was typewritten, whereas the former was printed or made with a rubber stamp, which was obviously prepared for general use and not specifically for the purchase order in question. Therefore, the typewritten paragraph should control over the printed matter. See: Burdines v. Pan-Atlantic Steamship Corp., 5th Cir.1952, 199 F.2d 571; Dixon v. Montgomery Ward & Co., 351 Ill. App. 75, 114 N.E.2d 44; Loblaw, Inc. v. Warren Plaza, Inc., 163 Ohio St. 581, 127 N.E.2d 754; Harry F. Frey & Co. v. W.D. Lacy Feed Co., Tex.Civ.App. 1954, 272 S.W.2d 765.
From an examination of the construction contract and the purchase order and all of the terms of each of said instruments, it is apparent that to uphold the contention of the appellee would be to permit the alteration in a substantial degree [by simple purchase order or invoice] of a basic document which outlined the relationship of the parties and which had obviously been entered into by executive officers of both corporations, after extended *301 negotiations, who were charged with the responsibility of managing same. Further indicating that there was no intention that the contractor would be an indemnitor of the company [generally] is the fact that it was required to secure insurance to protect the company from its own negligence and to pay the principal for said insurance. It would appear inconsistent that the contractor would be required to both secure insurance and be liable under a general indemnification covenant. See: Morse Auto Rentals v. Lewis, Fla.App. 1964, 161 So.2d 235.
Therefore, for the reasons above expressed finding that the partial summary judgment was improperly entered, the final judgment is hereby reversed with directions to the trial court, upon remand, to enter a final summary judgment in favor of the appellant and dismissing the complaint and the cause of action instituted by the appellee. See: Carpineta v. Shields, Fla. 1954, 70 So.2d 573, 48 A.L.R.2d 1185; 7 U. of Fla. Law Rev. 335.
Reversed and remanded with directions.