## Richmond

MICHAEL E. TAYLOR, AN INFANT, ETC. v. VIRGINIA CONSTRUCTION
CORPORATION, T/A, ETC.

June 10, 1968.

Record No. 6574.

Present, All the Justices.

*Thomas J. Harlan, Jr.* (*Doumar, Pincus, Anderson & Knight,* on brief), for plaintiff in error.

*E. L. Ryan, Jr.* (*White, Ryan and Reynolds,* on brief), for defendant in error.

CARRICO, J., delivered the opinion of the court.

This appeal involves the question of the applicability of an exculpatory clause in a lease purporting to exonerate the landlord from

liability "for any damage to person or property arising from any cause whatsoever."

The litigation arose when Michael E. Taylor, an infant, by Anne R. Taylor, his mother and next friend, the plaintiff, filed a motion for judgment against Virginia Construction Corporation, trading as Azalea Garden Apartments, the defendant. In his motion for judgment, the infant plaintiff sought damages for injuries allegedly sustained when his right hand was caught in the door of the common entrance way of the apartment building in which his family resided.

The motion alleged that the common entrance way was under the control of the defendant and that the door had been negligently maintained, such negligence causing the injury to the infant plaintiff's hand.

The defendant filed grounds of defense denying negligence on its part and asserting as an affirmative defense an exculpatory clause contained in the lease covering the apartment occupied by the family of the infant plaintiff.

A jury trial was held; and at the conclusion of all the evidence, the trial court denied the plaintiff's motion to strike the defendant's evidence and for summary judgment and granted the defendant's motion to strike the plaintiff's evidence and for summary judgment. The court's action was based upon the exculpatory clause in the lease. The plaintiff was granted a writ of error to the final order awarding judgment in favor of the defendant.

The evidence, which is not in dispute, showed that on May 1, 1964, Ronald W. Taylor, the father of the infant plaintiff, and the defendant entered into a lease, containing the exculpatory clause in question, for the rental of Apartment A in a building located at 2510 Dunway Street in the city of Norfolk. The building contained four units, and Apartment A was located on the first floor. Access to the apartment units from the outside was gained through a front doorway and a hall, used in common by all the tenants in the building and controlled and maintained by the defendant.

On August 7, 1965, the infant plaintiff, then two and one-half years old, followed his older brother through the doorway of the building in which his family's apartment was located. The door closed rapidly, and the plaintiff's right hand was caught, amputating the tip of his middle finger.

The evidence further showed that the door was equipped with a pneumatic mechanism designed to "dampen" the speed of its closing;

that the mechanism was defective, causing the door to close "excessively fast"; that the defective condition of the closing mechanism had existed for a long period of time; and that the defendant had actual notice of the defect and had failed to make repairs.

The exculpatory clause in question reads as follows:

> "Lessor shall not be liable to Tenant, his family, servants or invitees for any damages to person or property arising from any cause whatsoever. Tenant agrees for himself, his family, servants and invitees not to hold Lessor liable in any way. Lessor is not liable for loss or damage of property stored in company-owned storage buildings."

The applicability of such a clause in a lease is a question of first impression with us. While our research discloses that the courts of other jurisdictions have dealt with related questions, no decision has been found determining the effect of a like clause upon the rights of an infant injured under circumstances similar to those in this case.

The plaintiff contends that because he was an infant and not a party to the lease and his injury occurred in an area reserved by the defendant for the common use of its tenants, the exculpatory clause is not applicable to bar his recovery. The defendant had the duty to maintain the reserved area in a reasonably safe condition, the plaintiff says, and since the evidence showed conclusively that such duty was breached, the trial court should have entered "summary judgment for the plaintiff as to the issue of liability, leaving to the jury the sole issue of the quantum of damages."

The defendant makes no contention that the execution of the lease by the father, in and of itself, was sufficient to bind the infant plaintiff to the exculpatory clause. The defendant contends, instead, that the rights of the infant plaintiff are derivative of his father's rights because the members of a tenant's family "stand in the tenant's shoes" with respect to the duties and liabilities of a landlord. The applicable rule, the defendant says, is that the landlord is liable to persons on leased premises by right or consent of the tenant only to the same extent as he is liable to the tenant; and where the tenant has no redress against the landlord, the members of his family are likewise barred.

The defendant then engrafts upon that rule the exculpatory clause in question and concludes that since the clause relieves it from liability "from any cause whatsoever," the father "could not recover against

[the defendant] for any injuries that he might suffer" due to "defects in common passageways" and "neither can the infant plaintiff."

There is, however, a basic fallacy in the position of the defendant. Even if we assume, without deciding, the correctness of its contended-for rule of landlord liability based upon the "tenant's shoes" theory, the rule could apply only to the actual premises leased, over which the tenant has control, and not to those common areas reserved by the landlord, over which the latter retains control.

The general rule, long followed in this Commonwealth, is that it is the duty of the landlord, with respect to reserved common areas, to use ordinary care to keep such places in a reasonably safe condition. For failure to perform that duty, the landlord is liable for injuries to tenants and others lawfully using such places for their intended purposes. *Wagman* v. *Boccheciampe*, 206 Va. 412, 415, 416, 143 S. E. 2d 907, 909 (1965); *Revell* v. *Deegan*, 192 Va. 428, 433, 65 S. E. 2d 543, 546 (1951).

The foregoing rule and the rationale thereof are expressed in *Williamson* v. *Wellman*, 156 Va. 417, 423, 158 S. E. 777, 778-779 (1931), as follows:

> " 'It frequently happens that the owner of a building demises separate parts thereof to different tenants, access to which parts is by means of a passage, stairway, or other means of approach, which, while intended for the use of the different tenants, is not, in itself, included in the demise to any one of them, and consequently remains in control of the landlord. In such case the landlord in effect invites the use of such passages or stairway by the tenants, and by other persons whose relations to the tenants involve their use of these approaches in order to obtain access to the rooms or apartments demised, and he is accordingly regarded as liable, both to the tenant and such other persons, for any injury caused by his failure to exercise reasonable care to keep such parts of the building in proper repair, as is any owner of land or of structures thereon as regards persons whom he expressly or impliedly invites to enter thereon.' "

Thus, the liability of a landlord for injuries occurring to persons lawfully using reserved common areas is not to be tested by determining whether he would be liable for some injury occurring to the tenant upon the actual premises leased. Instead, such liability is to be determined by resolution of the question of whether the landlord has

breached his duty to use ordinary care to keep such reserved areas in a reasonably safe condition.

*A fortiori*, the rights of persons lawfully using reserved common areas to recover for injuries caused by the landlord's negligence therein are not derivative of the tenant's rights, but independent thereof, the tenant himself ordinarily having the same right to recover for injuries resulting from a like cause. The rights of such persons are derived, rather, from the status created by the invitation of the landlord to put those areas to use for their intended purposes, from which status stems the duty of the landlord to use ordinary care for the safety of such persons.

With these principles in mind, we turn to the record before us. The evidence of the infant plaintiff was uncontradicted in its essential particulars, and its sufficiency to sustain his cause of action, absent the exculpatory clause, is not questioned here by the defendant.

The evidence showed that the infant plaintiff was making lawful use of the common doorway reserved and controlled by the defendant and that, while making such use, he was injured as the result of the negligent maintenance of the doorway by the defendant.

That being so, the infant plaintiff does not stand in his father's shoes with respect to his right to recover against the defendant, and the exculpatory clause is inapplicable to bar his recovery.

The cause of action asserted by the infant plaintiff was personal to him, not derivative of his father's rights but derived from the status created by the defendant's invitation to use the common doorway as a means of access to the apartment occupied by his family. The defendant's liability to the infant plaintiff was fixed by its failure to use ordinary care to keep the doorway in a reasonably safe condition for his use. Since the plaintiff's injury occurred in a common area reserved and controlled by the defendant, its liability to him was unaffected by the fact that, because of the exculpatory clause, it may not have been liable to the father for some injury occurring to the latter.

The trial court erred, therefore, in holding the exculpatory clause applicable to bar recovery by the plaintiff and in striking his evidence and entering summary judgment for the defendant. The court should have granted the plaintiff's motion to strike the defendant's evidence, leaving as the sole question to be submitted to the jury the amount of damages to which the plaintiff was entitled.

Accordingly, the judgment in favor of the defendant is reversed

and set aside, and the case is remanded for a new trial limited to the issue of the amount of damages to be awarded the infant plaintiff for his injuries.

*Reversed and remanded.*