LEE, THOMAS E., Associate Judge.
This cause comes before this Court on appeal from the entry of an order in the Circuit Court granting a summary final dismissal of the plaintiff’s action in that court.
The complaint, answer, sworn statement of defendant, both parties’ answers to interrogatories and plaintiff’s affidavit, all together, reveal the occurrence of an automobile accident of an all too “routine” and frighteningly common variety.
From the record it appears that plaintiff was driving his automobile in a southerly direction in the proper lane on State Road 5 at Boynton Beach in Palm Beach County, when, due to no negligent act or omission on plaintiff’s part, the defendant’s automobile, driven by defendant, crossed over the median strip from the northbound lane, into the southbound lane where it collided with and ran over, onto and against the plaintiff’s vehicle. As a proximate result, the plaintiff suffered extensive property damage and serious personal injury to the plaintiff.
Complaint was filed alleging the defendant to be guilty of negligence and the plaintiff to have suffered damages as a direct proximate result of said negligence; defendant filed his answer wherein he denied guilt of any negligence and moved for entry of summary judgment. In his answer defendant alleged an affirmative defense of contributory negligence, but, pleaded no other affirmative defense. In *678 the defendant’s sworn statement he makes no effort to support his affirmative defense of contributory negligence, but proceeds to advise that he had suffered a heart attack some fourteen years before, that he had not suffered any recurrences thereof nor had he had any “black outs”. He further states that prior to the accident, on the day of its occurrence, he did not feel dizzy, faint or ill, nor did he have any notice or forewarning that he might faint or “black out” while driving his automobile on this particular day; and, that immediately prior to the accident he “blacked out” and his car crossed over the median strip and collided with the car driven by plaintiff.
The sworn statement of the defendant is not in a form usually employed to support a motion for summary judgment and appears to contain a series of leading and suggestive questions posed by defendant’s counsel, affirmed or negated by the defendant. The statement was taken as upon an oral deposition, but without the presence of plaintiff’s counsel. Although unusual, when taken as a whole, it is probably no more nor less reliable than an affidavit written in narrative form, usually by counsel, which is then read and sworn to by the party whose statement it purports to be. We do not find the form of the defendant’s statement to be invalid, though we do not agree that the representations therein made preclude the existence of reasonable inferences of genuine material fact.
It is a well settled proposition that the issue of negligence is not to be determined on motion for summary judgment where the record suggests a factual issue or presents circumstances from which a jury might properly draw conflicting inferences. Any doubt as to the propriety of the entry of a summary judgment should be resolved in favor of the party against whom such summary judgment is sought.
In the instant case, there is no doubt that the plaintiff, through no fault of his own, suffered extensive property damage and serious personal injury due solely and proximately to the defendant’s automobile crossing over the median and into the plaintiff’s proper path of travel resulting in a collision. It is clearly apparent that, unless the defendant can carry the burden of proof of an adequate affirmative defense, he should be found guilty of negligence in the premises and his negligence be found to be the proximate cause of plaintiff’s property damage and personal injury. We hold that the sworn statement or affidavit of the defendant, setting up the affirmative defense that he “blacked out” without prior warning or indicative symptom, and that the accident occurred during his blackout, is not of sufficient ev-identiary weight to dispel all reasonable doubt as to the existence of the issue of negligence on the part of the defendant and such issue, or inference of issue, should be resolved in the ordinary manner by the jury.
It is aptly stated in 30 Fla.Jur., Summary Judgment, § 6, p. 339:
“ * * * Even where the evidence is not in dispute, when conflicting reasonable inference may be drawn from admitted facts, questions of negligence and negligent causation are peculiarly questions of fact and should be permitted to go to the jury. * * * ”
In addition to affirming his attorney’s leading questions as to dizziness, prior warning symptoms and his “black out”, the sworn statement of the defendant also reveals that: he is, or was at the time of the accident, 69, in fact almost 70 years old; had had a prior heart condition; and had undoubtedly experienced prior incidents of illness or infirmed condition so as to require someone else to drive. In his sworn statement he relates:
“Q. Would you explain to us what, how you physically felt that morning?”
“A. Good. Pardon me. Mrs. Henrich can also drive if I felt anyway, if I *679 felt any way there was something wrong, I would have said, Sophie, you drive.”
We respectfully disagree with the ruling of the lower court and hold that the contents of the pleadings, affidavits and matters contained in the record do not support the entry of summary judgment in favor of the defendant and against the plaintiff and the order appealed should be reversed and the cause should proceed to trial.
Reversed.
CROSS, C. J., and REED, J., concur.