275 So.2d 55 (1973)
Stephen S. POCHE, As Father and Next Friend of Stephen M. Poche, a Florida Resident, Appellant,
v.
LEON MOTOR LODGE, INC., a Florida Corporation, et al., Appellees.
No. R-185.
District Court of Appeal of Florida, First District.
March 22, 1973.
*56 John S. Miller, Jr., Tallahassee, for appellant.
J. Lewis Hall, Hall, Hartwell & Hall, Tallahassee, for appellees.
PER CURIAM.
Affirmed.
RAWLS and JOHNSON, JJ., concur.
SPECTOR, C.J., dissents.
SPECTOR, Chief Judge (dissenting):
Stephen M. Poche, four-year-old son of Stephen S. Poche, lived with his family at the Talla Villa Apartments owned by appellee. The apartment complex included a clubhouse which was detached from any of the apartment buildings and was situated in the swimming pool area in the center of the complex.
On the day in question, Stephen was playing with another child in the clubhouse and, while exiting through a glass door, ran into the door with hands outstretched in front of him. Upon coming into contact with the door, it shattered and the boy sustained a number of cuts in and about his hands and face.
Appellants filed a complaint alleging that appellee was guilty of negligence and carelessness in the operation, control and construction of the premises; it was further alleged that appellee failed to provide safeguards to protect infants against the large area of glass which was virtually invisible under the conditions prevailing.
Appellee denied all of the material allegations in the complaint and further interposed two separate defenses: (1) the failure of the child's parents to properly supervise the child was the proximate or contributing cause of the accident, and (2) appellee interposed as a defense a clause in the lease agreement whereby its tenants agreed to hold the landlord harmless as to all damages from the use of the premises no matter what the cause is.
Based on affidavits and answers to interrogatories, both sides filed motions for summary judgment on the liability issue. Pursuant thereto, summary judgment was granted in favor of the landlord and the plaintiff appealed to review said judgment.
The law is quite clear in this jurisdiction that summary judgment should not be granted unless there is a total absence of justiciable material facts. In Avampato v. Markus, 245 So.2d 676 (Fla.App. 1971), the court said:
"It is a well settled proposition that the issue of negligence is not to be determined on motion for summary judgment where the record suggests a factual issue or presents circumstances from which a jury might properly draw conflicting inferences... ."
Although the trial court did not articulate the basis for its judgment, the pleadings give rise to three separate theories, each of which might defeat appellant's claim. (1) Defendant was not negligent as charged. (2) Proximate cause of the plaintiff's injury was failure of his parents to properly supervise the child. (3) The exculpatory clause in the lease. We dispose of the latter first:
The lease provision states:
"19. Tenants agree to hold Landlord whole and harmless from any and all liability, damages or claims thereof, for and on account of any injury to themselves, members of their family, servants and invitees, either in person or in property, arising from any cause whatsoever, or about the leased premises, and from the use of any facilities thereof."
*57 Appellant contends that such lease provisions are invalid and I agree. In Nat Harrison Associates, Inc. v. Florida Power and Light Co., 162 So.2d 298 (Fla.App. 1964), the court stated:
"It is the general principle of law that contracts of indemnification which attempt to relieve a party of its own negligency are not looked upon with favor. .. ."
To like effect, the court in Smith v. Ryan, 142 So.2d 139 (Fla.App. 1962), said:
"It is never presumed that a contract is intended to protect one against his own negligence, and hence, unless it clearly so states, the courts hold that such was not the intention."
See also Western Union Tel. Co. v. Milton, 53 Fla. 484, 43 So. 495 (1907), establishing that such exculpatory clauses have long been in disfavor.
Dealing directly with an exculpatory clause in a lease contract, the court in Taylor v. Virginia Construction Corp., 209 Va. 76, 161 S.E.2d 732, held that lease provisions exempting landlord from liability, signed by father for injury to tenant, his family, servants, and invitees, did not bar suit by tenant's infant son where injury took place in entranceway of apartment house, a common area reserved and controlled by landlord. In Taylor, supra, the court reversed a summary judgment for the defendant which was based on the trial court's view that the exculpatory clause in the lease effectively barred recovery by the plaintiff.
In view of the above case citations, it is clear that the trial court could not have relied on the lease clause in this case as the basis for its summary judgment in favor of the appellee landlord.
In my view, the appellee's contention that the child's injuries were proximately caused by the parents' failure to properly supervise the child is hardly one which should be decided by summary process. A similar issue was considered in Adler v. Copeland, 105 So.2d 594 (Fla.App. 1958). There the court held that negligence of a child's custodian as the proximate cause of injury is a question which should be decided by a jury. The court stated:
"The appellees, inter alia, contend that the evidence at the trial demonstrated negligence as a matter of law on the part of the custodian of the deceased child as the proximate cause of death and that such negligence should be imputed to the plaintiff mother and thereby bar her recovery. This contention as an abstract proposition may have merit but under the circumstances disclosed by the testimony and evidence at the trial, the question of proximate cause was not so clear and convincing as to permit a conclusion that as a matter of law the deceased child's death was a direct and proximate result of the custodian's alleged negligence. The trial judge grounded his conclusion upon the lack of negligence on the part of the appellees without reference to or consideration of the question of contributory negligence on the part of the custodian. There was apparently no reason for him to consider that phase of the case having concluded as he did that there was no negligence on the part of the appellees. Whether or not the conduct of the custodian constituted negligence and whether such negligence, if it existed, was the proximate cause of the child's death is not for us to decide. That is an affirmative defense raised by the appellees which, like the negligence charged by the appellant, must be proven and should be submitted to a jury by the trial judge if he concludes that the evidence and proof justify such action on his part.
"Nothing in the foregoing should be construed as an indication of our conclusion on the merits of the cause. We simply hold that the evidence presented by the plaintiff was sufficient to require its submission to a jury under appropriate instructions."
*58 The remaining question that was decided in favor of the defendant is that as a matter of law there was no showing of negligence in the maintenance or construction of the premises as relates to the glass door. The appellant contends that a summary judgment in appellee's favor is precluded by McCain v. Bankers Life and Casualty, 110 So.2d 718 (Fla.App. 1959), 68 A.L.R.2d 1194. In McCain, the court reversed a summary judgment for the defendant in a case where an eight-year-old child walked into a sliding door and was injured when it broke. I think McCain itself demonstrates the erroneous character of the summary judgment reviewed herein.
In my view, this case does create a jury issue on the facts that were before the court below. The appellant's complaint alleged negligence in the maintenance and construction of the door in the recreation room. The evidence reveals that it is a glass door, yet the appellant was deprived of the opportunity to show whether the door, made of one-quarter inch untempered glass according to appellee's answers to interrogatories, meets the statutory safety standard for glass doors embodied in Sections 553.24-553.28, Florida Statutes, F.S.A., particularly the requirements of the United States of America Standard Z97.1-1966. Indeed, if it is shown that such safety standards have not been met, the plaintiffs might well be entitled to summary judgments on the question of liability.
The child involved here was 4 years old at the time of the injury. Running children are a foreseeable part of the scene at an apartment complex. It is not untoward for a child to make a running entry into or out of a room designed to house recreational activities. I think that the defendant has a duty to install equipment or facilities, including doors, which when exposed to foreseeable use will not cause injury.
As I see this case, there are justiciable issues of material fact bearing on the question of liability which precluded the entry of the summary judgment reviewed herein.
I would reverse and remand for further proceedings.