292 So.2d 60 (1974)
Harry V. RUBIN, Appellant,
v.
RANDWEST CORPORATION, Etc., et al., Appellees.
No. 73-103.
District Court of Appeal of Florida, Fourth District.
March 29, 1974.
*61 Jeffrey Neal Marks, of Kirsch, Druck Mills & Jones, Fort Lauderdale, for appellant.
Edna Louise Caruso, of Howell Kirby, Montgomery, D'Aiuto, Dean & Hallowes, West Palm Beach, for appellee Randwest.
PER CURIAM.
Affirmed.
CROSS and DOWNEY, JJ., concur.
MAGER, J., dissents with opinion.
MAGER, Judge (dissenting):
I must respectfully dissent.
The final summary judgment which was entered against the plaintiff and in favor of the defendants below was predicated primarily upon the trial court's application of an exculpatory clause contained in a lease agreement. The plaintiff, who was a tenant in an apartment complex operated and controlled by the defendant Randwest Corporation, was injured as a result of a fall in the parking lot area of the apartment complex. At the time, the parking lot was in the process of being paved by Manchac's Landscaping and Paving Company, a co-defendant. Plaintiff alleged that his injuries were a result of the defendants' negligence.
The lease agreement entered into by and between plaintiff and defendant Randwest contained a "Tenant's Waiver of Liability" provision which provided, inter alia, that the "landlord shall not be liable to the tenant for any damage or injury to the tenant or his property by reason of any failure of the landlord to keep said premises in repair ...". Based upon this provision and the recent decision in Middleton v. Lomaskin, Fla.App. 1972, 266 So.2d 678, upholding a similar exculpatory clause, a final summary judgment was entered from which this appeal ensues.
In my humble opinion, a provision in a lease agreement which purports to limit or preclude the liability of a lessor for his own negligence should be declared void and unenforceable as being contrary to public policy. A similar result was advocated by the dissenting opinions in Middleton v. Lomaskin, supra; Poche v. Leon Motor Lodge, Inc., Fla.App. 1973, 275 So.2d 55; and Kinkaid v. Avis, Fla.App. 1973, 281 So.2d 223. This court in Ivey Plants, Inc. v. FMC Corporation, Fla.App. 1973, 282 So.2d 205, pointed out that the enforcement of exculpatory clauses has been denied "where the relative bargaining power of the contracting parties is not equal and the clause seeks to exempt from liability for negligence the party who occupies the superior bargaining position." While it is true that a tenant "may look elsewhere" if he is unwilling to accept a lease containing a waiver of liability provision, the inclusion of such a provision in lease agreements has become more than an isolated occurrence.
Whether predicated upon considerations of public policy or upon the bargaining power of the contracting parties, a clause limiting liability for one's own negligence should not be recognized. Apparently the 1973 legislature was of the same view when they adopted the "Florida Residential Landlord and Tenant Act" containing a provision set forth in part as follows:
"83.47 Prohibited provisions in rental agreements

(1) a provision in a rental agreement is void and unenforceable to the extent that it:
* * * * * *
(b) Purports to limit or preclude any liability of the landlord to the tenant or *62 of the tenant to the landlord, arising under law."[1]
This legislative expression serves only to confirm the result reached in the dissenting opinions cited above.
An exculpatory clause is either void and unenforceable or not; its offensiveness or its validity should not be predicated upon what the legislature may pronounce during a particular legislative session. And, merely because the legislature has declared such a provision to be unenforceable beginning July 1, 1973, is not to be construed as forbidding or otherwise precluding a court from making a similar determination in the exercise of its judicial function.
With regard to the proposition that an exculpatory clause should be upheld because such a determination is consistent with the "weight of authority" I would propose to adhere to the philosophy so eloquently expressed by the late Justice Musmanno of the Supreme Court of Pennsylvania:
"It seems to me that it is a violation of the living spirit of the law to adhere to an ancient rule which has no pragmatic application to realities of today. A precedent, in law, in order to be binding, should appeal to logic and a genuine sense of justice. What lends dignity to the law founded on precedent is that, if analyzed, the particularly cited case wields authority by the sheer force of its self-integrated honesty, integrity and rationale. A precedent can not, and should not, control, if its strength depends alone on the fact that it is old, but may crumble at the slightest probing touch of instinctive reason and natural justice... ." (Bosley v. Andrews, 393 Pa. 161, 142 A.2d 263, 274)
Accordingly, I would declare the exculpatory clause void and unenforceable, vacate the final summary judgment and remand the case to the trial court thereby affording the plaintiff further opportunity to prosecute and prove his claim guided by the traditional principles applicable to negligence cases.
NOTES
[1] Although the accident in question occurred in 1969 and the enactment in question did not become effective until July 1, 1973, there is sufficient authority to suggest that the exculpatory clause would be interpreted in light of the law existing at the time of the appellate disposition (and, as such, would be void). Summerlin v. Tramill, Supreme Court of Florida Case, 290 So.2d 53, opinion filed December 19, 1973; Ingerson v. State Farm Mutual Automobile Ins. Co., Fla.App. 1973, 272 So.2d 862; Florida East Coast Railway Company v. Rouse, Fla. 1966, 194 So.2d 260; Carr v. Crosby Builders Supply Company, Inc., Fla.App. 1973, 283 So.2d 60; Tel Service Co. v. General Capital Corporation, Fla. 1969, 227 So.2d 667.