## CIRCUIT COURT OF THE CITY OF WINCHESTER

Gary W. Marple

v.

Papermill Park Corp.

February 4, 1993

Case No. (Law) 92–268

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on January 26, 1993, for argument on the Demurrer and the Motion for Judgment claims of right action of a tenant's guest against the landlord under common law negligence, the Virginia Residential Landlord Tenant Act and the Virginia Manufactured Home Lot Rental Act. Having heard the argument of counsel, the Court took the matter under consideration and now makes the following decision.

### I. *Statement of Material Pleaded Facts*

The following material facts are pleaded in the Motion for Judgment. Defendant is the owner of property which is leased out in lots to mobile home tenants. Motion for Judgment, paragraph 2. May 10, 1991, while visiting the Papermill Trailer Court, the Plaintiff fell through stairs which he alleges are used by the public and which the Defendant had a duty to maintain, thereby sustaining personal injury.

### II. *Conclusions of Law*

In considering a demurrer, the Court must apply "the settled rule that a demurrer admits the truth of all well-pleaded material facts. All reasonable inferences fairly and justly drawn from the facts alleged must be considered in aid of the pleading." *Russo v. White*, 241 Va. 23, 24, 400 S.E.2d 160 (1991), quoting *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373 (1988). Having examined the motion for judgment and drawing "all reasonable inferences fairly and justly drawn from the

facts alleged . . . in aid of the pleadings," it would appear that the Plaintiff was an invitee of the tenant and that the Plaintiff was injured on stairs in a common area or area over which the landlord reserved control.

Assuming that the evidence will show that the stairs through which the Plaintiff fell were in an area which the Defendant had a duty to maintain, then the landlord had a duty to maintain those stairs in a reasonable state of repair, and, if it did not, it may be liable to the Plaintiff. *Gumenick v. United States*, 213 Va. 510, 193 S.E.2d 788 (1973). *Accord, Revell v. Deegan*, 192 Va. 428, 433, 65 S.E.2d 543 (1951); *see generally*, Annotation, *Landlord's Liability for Injury or Death Due to Defects in Areas of Building (other than stairs) Used in Common by Tenants*, 65 A.L.R. 3d 14; and Annotation, *Landlord's Liability for Injury or Death Due to Defects in Exterior Steps or Stairs Used in Common by Tenants*, 67 A.L.R. 3d 490.

*Taylor v. Virginia Construction Corp.*, 209 Va. 76, 79–80, 161 S.E.2d 732 (1968), is instructive:

> The general rule, long followed in this Commonwealth, is that it is the duty of the landlord, with respect to reserved common areas, to use ordinary care to keep such places in a reasonably safe condition. For failure to perform that duty, the landlord is liable for injuries to tenants and others lawfully using such places for their intended purposes. *Wagman v. Boccheciampe*, 206 Va. 412, 415–416, 143 S.E.2d 907, 909 (1965); *Revell v. Deegan*, 192 Va. 428, 433, 65 S.E.2d 543, 546 (1951).
>
> The foregoing rule and the rationale thereof are expressed in *Williamson v. Wellman*, 156 Va. 417, 423, 158 S.E. 777, 778–779 (1931), as follows:
>
> "It frequently happens that the owner of a building demises separate parts thereof to different tenants, access to which parts is by means of a passage, stairway, or other means of approach, which, while intended for the use of the different tenants, is not, in itself, included in the demise to any one of them, and consequently remains in control of the landlord. In such case, the landlord in effect invites the use of such passages or stairway by the tenants, *and by other persons whose relations to the tenants involve their use of these approaches in order to obtain access to the rooms or apartments demised, and he is accordingly regarded as liable, both to the tenant*

*and such other persons, for any injury caused by his failure to exercise reasonable care* to keep such parts of the building in proper repair, as is any owner of land or of structures thereon as regards persons whom he expressly or impliedly invites to enter thereon."

Thus, the liability of a landlord for injuries occurring to persons lawfully using reserved common areas is not to be tested by determining whether he would be liable for some injury occurring to the tenant upon the actual premises leased. Instead, such liability is to be determined by resolution of the question of whether the landlord has breached his duty to use ordinary care to keep such reserved areas in a reasonably safe condition.

A fortiori, the rights of persons lawfully using reserved common areas to recover for injuries caused by the landlord's negligence therein are not derivative of the tenant's rights but independent thereof, the tenant himself ordinarily having the same right to recover for injuries resulting from a like cause. The rights of such persons are derived, rather, from the status created by the invitation of the landlord to put those areas to use for their intended purposes, from which status stems the duty of the landlord to use ordinary care for the safety of such persons. (Emphasis added.)

The Virginia Landlord Tenant Act is essentially an embodiment of the Uniform Residential Landlord and Tenant Act. *See* Note, 60 Va. L. Rev. 1599 (1974). This Law Review article notes in a discussion of The Virginia Act at page 1602:

The remaining portions of the Act impose specific duties upon both landlords and tenants and create remedies for the breach of those duties. By far the most important of these provisions is § 55–248.13. This section requires, as a minimum, that landlords "[c]omply with requirements of applicable building and housing codes materially affecting health and safety." This provision parallels recent judicial decisions in other jurisdictions which have used housing codes to imply warranties of habitability in residential leases . . . .

Section 55–248.13 obligates the landlord to make repairs necessary to put and keep the premises in a fit and habitable

condition. These general commandments are also departures from the case law, which has only required the landlord at inception of the tenancy to alert the lessee of known defects and during the course of the lease to exercise reasonable care in any repairs he makes.

Under the Act, the tenant may also recover damages and injunctive relief. Va. Code Ann. § 55–248.40. The Law Review article states that "these tenants' remedies are unprecedented in Virginia." *Id.* at 1605.

The editors of the *Virginia Model Jury Instructions* also note that the Virginia Residential Landlord Tenant Act "departs from the common law and imposes a duty on the landlord to put and keep the premises in a fit and habitable condition." It further observes that "the Landlord and Tenant Act also imposes duties on the tenant and provides new remedies for both parties." *Virginia Model Jury Instructions*, vol. 1, p. 530; *see also*, Annotation, *Statute Requiring Property to Be Kept in Good Repair as Affecting Landlord's Liability for Personal Injuries to Tenant*, 17 A.L.R. 2d 704.

In *Deem v. Charles E. Smith Management, Inc.*, 799 F.2d 944 (4th Cir. 1986), the United States Court of Appeals for the Fourth Circuit had the occasion to consider an argument as to whether the common law rules governing the landlord's liability had been superseded by the Virginia Residential Landlord and Tenant Act. While rejecting the specific argument advanced by the plaintiff, the Fourth Circuit Court of Appeals noted that it believed that the statutory terms of the Virginia Landlord Tenant Act applied to "the protection of the tenant from injuries caused by failures of the building — *collapsing stairs*, faulty walls, dangerous windows." *Id.* at 946. (Emphasis added.)

In the case at bar, it would appear that, if the Plaintiff can show that the condition of the stairs violated a specific provision of the applicable building and housing codes and the landlord's violation of that specific provision, which has not been addressed by the Plaintiff up to this point in the case, such a violation may be admitted as evidence of negligence *per se. Gough v. Shaner, Adm'r*, 197 Va. 572, 576, 90 S.E.2d 171, 174 (1955); *Williamson v. The Old Brogue, Inc.*, 232 Va. 350, 350 S.E.2d 621 (1986). Furthermore, evidence of a violation of the building code may also support an action under the Virginia Residential Landlord Tenant Act under Count II. However, if no specific provision building code is found covering the stairs' condition, then it would appear that the allegedly defective condition of the stairs would

be facts which the jury could consider as to whether the defendants were guilty of common law negligence under Count I or had breached the terms of the Virginia Landlord Tenant Act under Count II, specifically Code § 55–248.13(2) which provides that the landlord shall "make all repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition . . . ."

Va. Code Ann. § 55–248.40 specifically provides that *"any person adversely affected* by an act or omission prohibited under this chapter may institute an action for injunction and damages against the person who is responsible for such act or omission in the circuit court in the city or county in which such act or omission occurred." The Virginia Landlord Tenant Act is remedial in nature, and the language of the statute "any person adversely affected" is very broad and includes not only a tenant, but a person like the Plaintiff in this case who may be injured as a result of an act of the landlord which is also a violation of the statute.

Va. Code Ann. § 55–248.48 of the Mobile Home Lot Rental Act explicitly provides that various sections of the Virginia Landlord Tenant Act, including Va. Code § 55–248.40 shall apply "to the rental and occupancy of a mobile home lot." From the averments of the Bill of Complaint, it cannot be ascertained precisely as to whether the tenant rented the mobile home and the lot or merely the lot; therefore, it is not clear as to which act technically may apply to the facts of this case, and further proof on that point will be required. However, it would appear that both the Mobile Home Lot Rental Act and the Virginia Landlord Tenant Act through the incorporation provisions of § 55–248.48 may potentially apply to the acts complained of by the Plaintiff. Further factual development will be required to determine whether the Plaintiff has a viable cause of action, but the Motion for Judgment is not demurrable.

### III. *Decision*

For the foregoing reasons, the Demurrer is denied.