## CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Lawrence Larsen

v.

Cannon/Hearthwood, L.P., et al.

September 29, 2004

Case No. (Law) 02-209

BY JUDGE EDWARD L. HOGSHIRE

Responding to Lawrence Larsen's Amended Motion for Judgment, Insignia Management Corporation and Insignia Financial Group (collectively, "Defendants") filed demurrers on all claims. For the reasons articulated below, this court finds (1) the common law negligence claim survives demurrer and (2) the claim for punitive damages survives demurrer.

*Procedural History*

The plaintiff filed the instant case on October 4, 2002, in the Circuit Court of the City of Charlottesville, alleging a common law negligence count against defendants Cannon/Hearthwood, L.P., Hearthwood Associates, and Insignia Management Corporation. In addition to punitive damages in the amount of $100,000.00, the Motion for Judgment prayed for compensatory damages in the amount of $350,000.00. On August 15, 2003, Plaintiff submitted a motion to add a new party, Insignia Financial Group. That motion was granted on the same day. Plaintiff filed an Amended Motion for Judgment on September 2, 2003, again alleging common law negligence and seeking $350,000.00 in compensatory damages and $100,000.00 in punitive damages. Defendants Insignia Management Corporation and Insignia Financial Group responded to the suit with demurrers. Both sides filed briefs, and the Court heard oral arguments on these issues on August 25, 2004.

## *Standard of Review*

For the purposes of a demurrer, the facts as stated in Plaintiff's Motion for Judgment will be taken as true and correct. The facts admitted are those expressly alleged, those which fairly can be viewed as impliedly alleged, and those which may fairly and justly be inferred from the facts alleged. *Rosillo v. Winters*, 235 Va. 268, 270 (1988) (quoting *Ames v. American National Bank*, 163 Va. 1, 37 (1934)). A demurrer does not allow the court to evaluate and decide the merits of a claim but instead tests the sufficiency of the factual allegations to determine whether the motion for judgment states a cause of action. *Fun v. Virginia Military Inst.*, 422 S.E.2d 770 (1992). A demurrer will be sustained when the pleading does not state a cause of action or fails to state facts upon which the relief demanded can be granted. Va. Code § 8.01-273.

## *Statement of Facts*

The Plaintiff, Lawrence Larsen, was a tenant of the Hearthwood Apartment complex pursuant to a lease agreement signed on May 25, 1992. The Defendants, as owners and operators of the Hearthwood Apartments, advertised and promoted the leasing of these apartments by stating, among other things, that the apartment units within the complex had attic storage space accessible from each individual apartment unit. (MFJ, 2.) Plaintiff avers that he relied on this representation in choosing to lease Apartment 10 at Hearthwood Apartments.

On May 6, 1995, plaintiff Lawrence Larsen was injured while attempting to use the ladder in his apartment to gain access to the attic above. Plaintiff avers that he sustained serious and permanent injuries, has been prevented from transacting his business, has suffered great physical and emotional pain, has sustained permanent disability, deformity, and loss of earning capacity, and has incurred great medical expenses. (MFJ, 3.) Plaintiff alleges that the Defendants had a duty to maintain and operate Hearthwood Apartments with due care and in good repair so as to make the apartment units reasonably safe for ordinary and anticipated use by their tenants. (MFJ, 2.) Further, Plaintiff alleges that the Defendants were negligent by placing a defective and unstable ladder leading to the attic in Apartment 10 in Hearthwood Apartments, failing to properly maintain the ladder in this apartment, and failing to warn the Plaintiff of the dangerous condition of the ladder in his apartment unit. (MFJ, 2-3.)

## *Issues*

1. Whether the Virginia Residential Landlord-Tenant Act precludes a common law action for negligence against a landlord.

2. Whether Plaintiff has stated a claim for punitive damages under Virginia law in his Motion for Judgment.

*Analysis*

A. *Common Law Negligence Claim*

The Virginia Residential Landlord-Tenant Act (" VRTLA"), adopted in 1974, is Virginia's embodiment of the Uniform Residential Landlord-Tenant Act. *Marple v. Papermill Park Corp.*, 30 Va. Cir. 154 (1993). The Act was intended to "simplify, clarify, modernize, and revise the law governing the rental of dwelling units and the rights and obligations of landlords and tenants … and to establish a single body of law relating to landlord and tenant relations throughout the Commonwealth." Va. Code Ann. § 55-248.3.

Under Virginia law, the adoption of a statute does not operate to alter or abdicate existing common law unless such statute states a clear intention to do so. *People's Security Life Ins. Co. v. Arrington*, 243 Va. 89 (1992). The purpose of the Virginia Residential Landlord-Tenant Act is set forth in the Virginia Code. *See* Va. Code Ann. § 55-248.3. The Code states, "This chapter shall supersede all other local, county, or municipal ordinances or regulations concerning landlord and tenant relations and the leasing of residential property." *Id.* This is the only language contained in that code provision that indicates an intention to abrogate existing law. Had the Virginia General Assembly intended to eliminate all common law negligence claims arising between tenants and landlords, it could have made such a desire clear in this statement of purposes.

Defendants contend that the Act's statutory remedy is exclusive and supersedes all other common law or statutory remedies, relying on *Payne v. K & R Enterprises et al.*, Albemarle County Case No. 5475, Letter Opinion (1994). That case also involved demurrers to the plaintiff's motion for judgment. In his opinion, Judge Swett noted that the parties "concede[d] that the lease agreement between [them] is governed by the Virginia Residential Landlord and Tenant Act" and went on to explain that "to the extent plaintiff's claim for negligence arises out of a duty under the VRLTA, that claim must be brought under the act." *Id.* However, in that case, unlike the case now before us, the plaintiff's negligence claim was based on specific duties enumerated in the VRLTA. Further, the plaintiff suffered no physical injury but instead sued for breach of the lease agreement and the landlord's duties arising pursuant to

that agreement. Specifically, the plaintiff alleged that the defendant landlord had failed to correct deficiencies that had been repeatedly reported by the plaintiff. The Court's opinion in *Payne* was limited to the factual situation present in that case, which varies greatly from the present case. Thus, defendant's reliance on *Payne* is misplaced.

Since the passage of this Act, Virginia courts have considered several cases involving claims for personal injuries by tenants against their landlords. The Supreme Court of Virginia has never explicitly ruled that VRTLA supersedes all common law negligence tort claims. Rather, Virginia courts have upheld common law claims in several instances. In *FAD, Ltd. Partnership v. Feagley*, 237 Va. 413 (1989), the Supreme Court of Virginia held that a landlord has no duty to remove ice from a common porch and steps during the time moisture is falling and freezing on the ground and made such a determination strictly on a common law basis, without reference to VRTLA. The Winchester Circuit Court held that violations of a landlord's duties stated in VRTLA would support claims under both that Act and for common law negligence. *Marple v. Papermill Park Corp.*, 30 Va. Cir. 154 (1993). Thus, that court overruled that landlord's demurrer with respect to both the common law negligence claim and the VRTLA claim. *Id.* at 158.

Other jurisdictions have also ruled that the adoption of the Uniform Residential Landlord-Tenant Act did not preclude a tenant's common law action against his landlord. *See, e.g., Moreno v. Brittany Square*, 899 S.W.2d 261 (Tex. App. 1995) (reversing trial court's grant of summary judgment to a landlord sued under common law after a tenant sustained injuries arising from a dangerous condition on leased premises); *Cordes v. Woods*, 918 P.2d 76 (Okla. 1996) (holding that the Uniform Residential Tenant-Landlord Act did not abrogate the tenant's common law negligence claim that the landlord was negligent by using ineffective locks, resulting in the tenant's rape in her apartment).

Thus, the VRLTA is not the exclusive source of remedies for the Plaintiff, a former tenant who alleges personal injuries due to the negligence of his former landlord.

## B. *Punitive Damages*[1]

The Defendant contends that the plaintiff's motion for judgment fails to state a claim for punitive damages under Virginia law. An award of punitive damages against a defendant is dependent upon sufficient pleading and proof

---

[1] The Court does not need to consider Defendant=s argument that the Virginia Residential Landlord-Tenant Act does not provide for punitive damage as this claim is brought under common law.

of the underlying tort claim of common law negligence under Virginia common law. *See Valley Acceptance Corp. v. Glasby*, 230 Va. 422 (1985). The Supreme Court of Virginia has noted that "punitive damages are warranted not only by malicious conduct but also by >negligence which is so willful or wanton as to evince a conscious disregard for the rights of others'." *Etherton v. Doe*, 268 Va. 209, 213 (2004) (quoting *Booth v. Robertson*, 236 Va. 269, 273 (1988)). Further, the Supreme Court of Virginia has held that willful and wanton negligence is defined as "acting consciously in disregard of another person's rights or acting with reckless indifference to the consequences, with the defendant aware, from his knowledge of existing circumstances and conditions, that his conduct probably would cause injury to another." *Philip Morris v. Emerson*, 235 Va. 380, 407-08 (1988) (quoting *Griffin v. Shively*, 227 Va. 317, 321-22 (1984)).

In his Motion for Judgment, Plaintiff alleges that he was injured due to the landlord's negligence for placing a defective and unsafe ladder, for failing to maintain the ladder, and for failing to warn of the dangerous condition of the ladder. Further, the landlord allegedly promoted the use of the unsafe ladder by specifically referencing the use of attics in its marketing efforts. Plaintiff alleges that such enticement to use a dangerous ladder with knowledge of its defective and unsafe condition constitutes either gross negligence, willful and wanton behavior, or a complete and total disregard to the rights of others. Therefore, his claim for punitive damages survives demurrer.

### Conclusion

This Court finds: (1) the demurrer as to the common law negligence claim is overruled, (2) the demurrer as to the request for punitive damages is overruled.