318 So.2d 557 (1975)
JOSEPH L. ROZIER MACHINERY COMPANY and Continental Casualty Company, Appellants,
v.
NILO BARGE LINE, INC., Appellee.
No. 74-167.
District Court of Appeal of Florida, Second District.
August 27, 1975.
Rehearing Denied September 18, 1975.
Charles W. Pittman, Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellants.
Thomas T. Steele, Fowler, White, Gillen, Boggs, Villareal & Banker, Tampa, for appellee.
GRIMES, Judge.
This suit involves the interpretation of an indemnity clause in an equipment rental contract.
Ralph Hersey was an employee of Nilo Barge Line, Inc. (Nilo). At the direction of his employer, Hersey drove a truck from Tampa to Orlando to rent a portable generator from Rozier Machinery Company (Rozier). At Rozier's office Hersey signed Rozier's form equipment lease contract on behalf of his employer. The contract provided in part:
INDEMNITY  NON-VEHICLE  Customer shall defend, indemnify and hold forever harmless Lessor, its subsidiary and affiliated companies, their officers, agents and employees, against all loss, liability and expense, including reasonable *558 attorneys' fees, by reason of bodily injury including death, and property damage, sustained by any person or persons including but not limited to employees of Customer, as a result of the maintenance, use, operation, storage, erection, dismantling, servicing or transportation of Equipment other than Vehicles, whether such bodily injury, death, or property damage are due or claimed to be due to any negligence of Lessor, employees or agents of Lessor or any other person.
Rozier's employees attached the portable generator to Hersey's truck. The generator was similar to a trailer and had its own wheels. As Hersey was driving back to Tampa a wheel fell off the generator causing an accident in which Hersey was injured.
Hersey sued Rozier for personal injuries alleging, inter alia, that the generator wheels had been negligently maintained. Rozier then filed a third-party action against Nilo for indemnity.
At the pretrial conference the judge ruled that the indemnity clause applied only to negligence occurring after the equipment lease contract was executed. At the trial, the judge submitted special interrogatories, which were answered by the jury as indicated below:
 1. Was the defendant, JOS. L. ROZIER
 MACHINERY CO., negligent?
 Yes X 
 No ____
 2. If so, did such negligence occur before
 or after the equipment lease
 agreement, Defendant's Exhibit No.
 4, was signed?
 Before X 
 After ____
The jury returned a verdict for Hersey in the amount of $110,000. Thereupon, a final judgment was entered for Hersey against Rozier, and a final judgment was entered against Rozier and in favor of Nilo on the third-party claim. Rozier appeals the latter judgment.
At the outset, it should be noted that Rozier does not dispute the fact that there is evidence in the record which would support the conclusion that the negligence occurred before the equipment lease contract was signed. Likewise, there is no contention that Hersey was not authorized to sign the lease contract on behalf of his employer. Thus, the narrow issue is whether the indemnity provision will permit Rozier to obtain indemnification from Nilo for Rozier's negligence occurring before the contract was signed.
The posture of the parties in this case is similar to Penker Construction Company v. Finley, Ky.App. 1972, 485 S.W.2d 244. Finley was injured while operating an end loader in the employment of Penker. Finley sued Brandeis which had furnished the end loader to Penker. Brandeis brought a third-party action against Penker for indemnity. The jury answered a special interrogatory to the effect that the end loader was defective and dangerous at the time it was delivered by Brandeis to Penker. Affirming the granting of indemnity based upon a provision of the lease agreement, the court said:
"The trial court did not err in granting Brandeis indemnity against Penker. Brandeis was originally sued by Finley, and brought Penker into the suit on a third-party complaint based solely on an indemnity provision in the contract under which Penker leased the end loader from Brandeis with an option to purchase. In our opinion, the indemnity provision in the contract is all-inclusive and so broad in its scope as to clearly uphold Brandeis' indemnity against Penker. The lease agreement used the broadest possible terms, and if Penker had not intended to be bound by the agreement, it should not have entered into the contract in the first place. *559 Having determined that Brandeis is entitled to indemnity against Penker we need not discuss whether or not the question was preserved by Penker for appellate review."
Contracts of indemnification which attempt to relieve a party of its own negligence are not looked upon with favor. Nat Harrison Associates, Inc. v. Florida Power & Light Co., Fla.App.3d 1964, 162 So.2d 298. However, such contracts are valid, providing they express an intent to indemnify against the indemnitee's own negligence in clear and unequivocal terms. University Plaza Shopping Center, Inc. v. Stewart, Fla. 1973, 272 So.2d 507.
The court below interpreted the provision in question to provide for indemnification, but only for negligence which occurred after the equipment lease contract was executed. We cannot find such a distinction in the language of this provision. Disregarding irrelevant portions, the indemnity provision requires Nilo to indemnify Rozier "against all loss ... by reason of bodily ... injury ... sustained by any person ... as a result of the maintenance, use ... or transportation of equipment ... whether such bodily injury [is] due or claimed to be due by any negligence of" Rozier. The wording is specific and unambiguous. It is not in conflict with any other provision in the contract.
The language makes it unmistakably clear that Nilo was to indemnify Rozier against losses due to "any negligence" of Rozier. University Shopping Center Plaza v. Stewart, supra. The use of the comprehensive word "any" precludes the contention that the parties intended to exclude negligence which occurred prior to the execution of the contract. See Escambia Land and Manufacturing Co. v. Ferry Pass Inspectors' & Shippers' Association, Fla. 1910, 52 So. 715; Freigy v. Gargaro, Inc., Ind. 1945, 60 N.E.2d 288.
The judgment is reversed, and the case is remanded with directions to enter a judgment in favor of Rozier against Nilo.
HOBSON, Acting C.J., and SCHEB, J., concur.