335 So.2d 847 (1976)
LEONARD L. FARBER COMPANY, INC., a New York Corporation, Appellant,
v.
Hilda JAKSCH, a Widow, and Vandermark, Inc., a Florida Corporation, Appellees.
No. 75-838.
District Court of Appeal of Florida, Fourth District.
July 9, 1976.
Rehearing Denied August 27, 1976.
Henry Burnett of Fowler, White, Burnett, Hurley, Banick & Knight, P.A., Miami, for appellant.
Martin J. Sperry of Carey, Dwyer, Austin, Cole & Selwood, P.A., Fort Lauderdale, for appellees.
ALDERMAN, Judge.
Leonard L. Farber Company, Inc., the cross-claimant below, timely appeals a final judgment denying its cross-claim for indemnity against the cross-defendant, Vandermark, Inc. The original plaintiff, Hilda Jaksch, is not involved in this appeal.
Farber, as owner and lessor of a shopping mall, and Vandermark, as lessee, were jointly sued by Jaksch, who sustained injury when she slipped on a piece of sausage lying on a common walkway within the mall. The complaint alleges that Vandermark was negligent in the procedure used in dispensing free samples of the sausage and that Farber was negligent in failing to reasonably maintain the public area of the mall. The slip and fall occurred a few feet from the entrance to Vandermark's store.
Farber's cross-claim for indemnity is based upon the terms of the written lease agreement between the parties. The cross-claim also alleges damages as a result of Vandermark's failure to provide liability insurance for the benefit of Farber, as provided under the lease.
Prior to the trial, the negligence action was settled with each defendant paying $10,000 to Jaksch, without prejudice to their respective rights against each other.
The pertinent provisions of the lease agreement provide:
"37. INDEMNITY: (a) Lessee shall indemnify LESSOR and save it harmless from suits, actions damages, liability and expense in connection with loss of life, bodily or personal injury or property damage arising from or out of any occurrence in, upon or at or from the Demised Premises or any part thereof, or *848 occasioned wholly or in part by any act or omission of Lessee; its agents, contractors, employees, servants, invitees, licensees or concessionaries, including the sidewalks and common areas and facilities within the Shopping Center development; * * *"
"Addendum to Paragraph. 37  Anything contained in Paragraph 37 hereof to the contrary notwithstanding, Lessor shall not be relieved of any liability resulting solely from the negligence of Lessor or of its agents or employees."
"38. INSURANCE: Lessee shall maintain at its own cost and expense * * * (b) PUBLIC LIABILITY INSURANCE on an occurrence basis with minimum limits of liability in an amount of Five Hundred Thousand ($500,000) Dollars for bodily injury * * *."
"40. INSURED'S WAIVER, NOTICE: Any insurance procured by Lessee as herein required shall be issued in the name of Lessor and Lessee by a company licensed to do business in the state where the Shopping Center is located * * *."
It should be understood that the issues on this appeal are limited to contractual indemnity. Farber is not asserting or seeking a right of contribution against a joint tort-feasor. No claim is made under the active-passive tort-feasor doctrine. Farber is seeking indemnity for its loss under the "hold harmless" provisions of the Lease Agreement.
The present case is distinguishable from University Plaza Shopping Center, Inc. v. Stewart, 272 So.2d 507 (Fla. 1973). There the Supreme Court held that an agreement to indemnify landlord "against any and all claims" did not disclose an intention to indemnify for consequences arising solely from the negligence of the landlord. The court stated that the "... basic objective in construing the indemnity provision is to give effect to the intent of the parties involved", and found that the use of the general terms, "indemnify ... against any and all claims", did not disclose an intention to indemnify for consequences arising solely from the negligence of the indemnitee. The court adopted the rationale of previous Florida cases which hold that an indemnity agreement which indemnifies against the indemnitee's own negligence must state this in "clear and unequivocal" language. Gulf Oil Corp. v. Atlantic Coastline R.R. Co., 196 So.2d 456 (Fla.App.2nd 1967), cert. denied, 201 So.2d 893 (Fla. 1967); Florida Power & Light Co. v. Elmore, 189 So.2d 522 (Fla. App.3rd 1966), cert. denied, 200 So.2d 810 (Fla. 1967); Nat Harrison Associates, Inc. v. Fla. Power & Light Co., 162 So.2d 298 (Fla.App.3rd 1964).
The indemnity agreement in this case clearly did not intend to indemnify Farber for consequences arising solely from its own negligence. This is apparent from the Addendum to Paragraph 37, which specifically states that "... Lessor shall not be relieved of any liability resulting solely from the negligence of Lessor or of its agents or employees."
In the present case, both parties concede that their joint liability to the original plaintiff was occasioned in part by the negligence of the Lessee, Vandermark, and in part by the negligence of the Lessor, Farber. The question then is whether the language, "... occasioned wholly or in part by any act or omission of Lessee, ..." is sufficiently "clear and unequivocal" to make the Lessee liable to indemnify Lessor for their joint liability, where the joint liability resulted from the negligence of both the Lessor and the Lessee. We believe that it is. To avoid the obvious meaning of Paragraph 37, Vandermark argues that the "in part" language means any act or omission of Lessee with a third person, other than the Lessor. To reach this conclusion the court would have *849 to read a meaning into the contract contrary to its express language. In our opinion the language of the agreement is clear and unequivocal and discloses the intention of the parties to have the Lessee hold the Lessor harmless.
Farber's second point is based upon the provisions of Paragraphs 38 and 40, requiring Vandermark to provide liability insurance for the benefit of Farber. Vandermark admits that it did not obtain liability insurance coverage in Farber's name. However, Vandermark argues that it had no duty under the lease to indemnify Farber for Farber's own negligence, therefore Farber sustained no damages as a result of Vandermark's technical breach of the lease. This argument must fail in view of the court's finding that Vandermark, under the terms of the lease, did have a duty to indemnify.
Reversed and remanded with instructions that judgment be entered against Vandermark and in favor of Farber.
WALDEN, J., and BERANEK, JOHN R., Associate Judge, concur.