PER CURIAM.
This appeal has been perfected by Kress-ley-Davis, Inc. to review the final judgment finding that appellee Winn-Dixie Stores is entitled to contractual indemnification from Kressley-Davis.
Winn-Dixie Stores, Inc. contracted with appellant Kressley-Davis, Inc. to remodel one of its stores. Subsequently the parties entered into a “General Public Liability Agreement” which contained the following provision:
“In consideration of your permitting us or our servants, agents, employees and representatives from time to time to enter upon or to place or maintain equipment upon premises owned or controlled by you for the purpose of servicing our account, we agree to indemnify and hold you harmless from any claim or loss arising in any manner out of the presence or activity of the undersigned or any of our servants, agents, employees and representatives or out of the presence of such equipment, when such persons or equipment are on your premises for the purpose of performing services, delivering or displaying goods or otherwise transacting business or dealing with you in the interest or on behalf of the undersigned and not withstanding such accident or damage may have been caused in whole or part or negligence of you or any of your servants, agents or employees.” [Emphasis Supplied]
While the store was being remodeled, plaintiff Adeline Braik slipped and fell on a piece of peg board in the store’s parking lot. She filed an action against Winn-Dixie and Kressley-Davis to recover damages for the injuries sustained from her fall and charged both of them with having negligently caused and allowed building materials and other debris to accumulate and remain along the sidewalk and other areas around the store. Winn-Dixie filed a cross-claim for indemnity against Kressley-Davis based upon the above agreement. The cross-claim was reserved for post trial determination by the court. The jury returned a verdict in favor of Ms. Braik and against Winn-Dixie. Thereafter, the court entered a final judgment for Winn-Dixie on its cross-claim based upon the General Public Indemnity Agreement. Kressley-Davis appeals.
Under the terms of the agreement set out above, it is clear that Kressley-Davis agreed to indemnify Winn-Dixie from any claim or loss arising in any manner out of the activity of Kressley-Davis on Winn-Dixie’s premises, even if such claim or loss may have been caused in whole or in part by the negligence of Winn-Dixie or its employees. Thus, the trial judge was eminently correct in finding as a matter of law and fact that Winn-Dixie was entitled to contractual indemnification from Kressley-Davis under the terms of the indemnity agreement. See Maule Industries, Inc. v. Central Rigging & Con. Corp., 323 So.2d 631 (Fla.3d DCA 1975).
Affirmed.