384 So.2d 733 (1980)
LEADERSHIP HOUSING SYSTEMS OF FLORIDA, INC., Appellant,
v.
T & S ELECTRIC, INC., Appellee.
No. 78-1480.
District Court of Appeal of Florida, Fourth District.
June 11, 1980.
*734 Michael D. Stewart of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellant.
George E. Mastics of Montgomery, Lytal, Reiter, Denney & Searcy, P.A., West Palm Beach, and Robert M. Klein of Stephens, Schwartz, Lynn & Cherney, P.A., Miami, for appellee.
ANSTEAD, Judge.
This is an appeal from a final summary judgment entered against the appellant, Leadership Housing Systems of Florida, Inc., on its claim for contractual indemnity against appellee, T & S Electric, Inc.
An employee of appellee was injured on a construction project wherein appellant was the owner and appellee the electrical contractor. The employee claimed appellant negligently caused his injury and recovered a judgment against appellant based on a verdict finding the appellant 70% negligent and the appellee 30% negligent. The employee's damages were reduced accordingly and judgment for the reduced amount entered against appellant.
Appellant filed an indemnity claim against appellee predicated on the following provision in their construction contract:
INDEMNIFICATION (Except due to Owner's sole negligence)
(a) Contractor shall forever indemnify and save harmless Owner, its officers, directors and employees, from any obligation, liability, lien, claim, demand, cause or causes of action whatsoever, or loss whatsoever due to or arising out of or claimed to arise out of the performance by contractor of the contract and/or the doing or failing to do anything by the contractor, his agents, servants, employees or invitees... .
The trial court entered a final summary judgment against appellant on the basis that this provision did not clearly provide that appellee would indemnify appellant for damages caused by appellant's own negligence.
An indemnity agreement will not be construed to allow a person to be indemnified for damages caused by his own negligence unless the contract clearly and expressly stated that such liability is undertaken by the indemnitor. Charles Poe Masonry v. Spring Lock Scaffold, 374 So.2d 487 (Fla. 1979); University Plaza Shopping Center, Inc. v. Stewart, 272 So.2d 507 (Fla. 1973); Walter Taff Bradshaw & Associates, P.A. v. Bedsold, 374 So.2d 644 (Fla.4th DCA 1979). Also see Alba v. Pelican Marine Divers, Inc., 391 F. Supp. 954 (E.D.La. 1975).
We agree with the trial court that the contract provision set out, supra, does not constitute a clear and express agreement by appellee to indemnify appellant for damages caused by appellant's own negligence. The final summary judgment was therefore appropriate.
Since we affirm the granting of final summary judgment in favor of appellee we need not consider appellant's contention that the court erred in denying its motion for summary judgment on the same claim.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
DOWNEY and HERSEY, JJ., concur.