415 So.2d 149 (1982)
John MARINO and Jerry Marino, D/B/a J.M. Investments, Appellants,
v.
Jeffrey WEINER and Disco 95, Inc., a Florida Corporation, Appellees.
No. 81-345.
District Court of Appeal of Florida, Fourth District.
June 23, 1982.
Larry Klein and Jane Kreusler Walsh, West Palm Beach, and Pyszka & Kessler, Fort Lauderdale, for appellants.
Michael C. Spring of Carey, Dwyer, Cole, Selwood & Bernard, P.A., Miami, for appellee Disco 95, Inc.
Louis Kimler and Peter B. Weintraub of Shapiro, Leder, Kimler, Entin & Werksman, Deerfield Beach, for appellee Weiner.
OWEN, WILLIAM C., Jr., (Retired) Associate Judge.
The sole issue here is whether the trial court erred in granting a directed verdict against appellants on their third party claim for indemnification. We conclude that it did err, and reverse.
Appellants owned a warehouse which they had leased to appellee Disco 95, Inc. to use as a discotheque. Appellee Weiner, an *150 employee of the lessee, sustained injury when he slipped and fell on a puddle of water on the discotheque's dance floor.[1] Weiner sued the lessors, alleging in substance that his injuries were the proximate result of the lessors' negligent failure to keep the roof in good repair.[2] In turn, lessors brought a third party complaint against the lessee, seeking both common law and contractual indemnification, the latter being predicated upon the following provision in the lease:
17. INDEMNITY: (a) Lessee shall indemnify Lessor and save harmless from suits, actions, damages, liability and expense in connection with loss of life, bodily or personal injury or property damage arising from or out of any occurrence in, upon, at or from the Demised Premises or the occupancy or use by Lessee of said premises or any part thereof, or occasioned wholly or in part by any act or ommission [sic] of Lessee, its agents, contractors, employees, servants, invitees, licenses or concessionaries, including the sidewalks and common areas and facilities within the building development;
* * * * * *
(f) Lessee shall also pay all costs, expenses and reasonable attorney's fees that may be incurred or paid by Lessor in enforcing the terms of this lease. (e.s.)
The lease also contained two separate provisions relative to roof repair. Paragraph 12 obligated the lessors to keep the roof in good repair, provided the lessee gave the lessors seven days written notice of the needed repairs and provided the damage was not caused by lessee. Paragraph 8 included the following provision relative to roof repair:
Should Lessee install a cooling tower or other air conditioning equipment on the roof of the Demised Premises, Lessee shall assume primary responsibility for the maintenance and repair of the roof and such installation, operation and maintenance shall be made in such matter [sic] that the right of Lessor under any roofing bond then in force shall not be affected.
An air-conditioning unit, the cost of which was shared by lessors and lessee, was installed on the roof a week or two before Weiner slipped and fell. There was evidence from which the jury reasonably could have inferred that lessors and lessee were jointly responsible for roof repair necessitated by the installation of the air conditioning unit. There were also factual issues as to whether the roof had leaked prior to the installation of the air conditioning unit, of which lessors had actual (but not written) notice, and whether the water on which Weiner had slipped was from a roof leak caused by faulty installation of the air-conditioning unit, or from some other leak in the roof.
The court granted the lessee's motion for directed verdict, concluding that lessors were not entitled to either common law or contractual indemnification from the lessee. The jury found Weiner 85% at fault and lessors 15% at fault, upon which verdict judgment was entered. On post trial motions, the judgment and verdict were vacated and a new trial granted on Weiner's complaint against lessors, but the separate judgment in favor of lessee on the lessors' third party claim was not disturbed.
The court did not err in granting the directed verdict as to the claim for common law indemnification. We have not been shown any legal relationship between lessors and lessee such that lessors, because of some vicarious, constructive, derivative or technical liability, could become obligated to Weiner due to some negligence or fault on the part of the lessee. Such a relationship is essential to the right to common law indemnification. Houdaille Ind., Inc. v. Edwards, *151 374 So.2d 490 (Fla. 1979). We understand Weiner's cause of action against lessors to be based upon the latter's own active negligence in failing to maintain the roof in good repair, not upon any theory of lessors' vicarious liability for the lessee's fault.[3]
However, lessors were entitled to have their claim for contractual indemnification presented to the jury under appropriate instructions. True, the language of the indemnity provision fails to state expressly and with sufficient clarity the intent necessary to allow the contract to be construed as one by which the parties intended for the indemnitees to be indemnified against damages occasioned solely by their own negligence. See Charles Poe Masonry v. Spring Lock Scaffolding Rental Equipment Co., 374 So.2d 487 (Fla. 1979); Leadership Housing Systems of Florida, Inc. v. T & S Electric, Inc., 384 So.2d 733 (Fla. 4th DCA 1980). But the contract language "... occasioned wholly or in part by an act or omission of Lessee ..." manifests the lessee's unequivocal intent to indemnify the lessors in cases where the lessors and lessee are found to be jointly negligent. Charles Poe Masonry, Inc. v. Spring Lock Scaffolding Rental Equipment Co., supra; Leonard L. Farber Co. v. Jaksch, 335 So.2d 847 (Fla. 4th DCA 1976). Thus, if the jury were to find that the water which caused Weiner to slip and fall was occasioned solely by the negligence of the lessors, they would not be entitled to contractual indemnification. On the other hand, if the jury were to find that the water which caused Weiner to slip and fall was occasioned wholly[4] or in part by an act or omission of lessee, including the joint negligence of the lessors and the lessee, lessors would be entitled to the indemnity provided by the lease.
The judgment in favor of appellee Disco 95, Inc. on the third party claim by appellants is reversed and this cause remanded for further proceedings. The cost judgment for appellee Disco 95, Inc. is likewise reversed.
ANSTEAD and BERANEK, JJ., concur.
NOTES
[1] Because Weiner's injuries arose out of and in the course of his employment, his exclusive remedy against his employer, the lessee, was under the Workers' Compensation Law.
[2] That this was the theory of Weiner's cause of action is implied by the briefs. The limited record before us relates only to the issue of the third party claim for indemnification, and in deciding that issue we do not decide any issue relating to Weiner's cause of action.
[3] Had there been any basis upon which Weiner could have imposed vicarious liability on lessors for the lessee's fault, lessors would have had full protection under the contractual indemnification provision; thus, denial of common law right of indemnification, had it been error, would have been harmless.
[4] Of course, absent any vicarious liability, lessors would simply be exonerated by the jury if it were to find that the water was occasioned wholly by the negligence of the lessee. See comment in footnote 3 in reference to vicarious liability, should it exist.