GRIMES, Acting Chief Judge.
This appeal involves the interpretation of an indemnity agreement.
James Hicks, an Eshelman employee, sued Seaboard for injuries which he received while unloading bags of animal feed from a boxcar located on a sidetrack used to service Eshelman’s plant. He alleged that the accident occurred through the negligence of Seaboard when the boxcar on which he was standing was struck by another boxcar. Seaboard filed a third-party complaint against Eshelman and its insurer, Travelers, relying upon an indemnity provision contained in Seaboard’s lease to Eshel-man of the sidetrack on which the accident occurred. The court entered a partial summary judgment holding Eshelman and Travelers contractually liable for any liability of Seaboard to Hicks. Eshelman and Travelers appeal this nonfinal order which determined the issue of liability in favor of a party seeking affirmative relief. Fla.R. App.P. 9.130(a)(3)(C)(iv).
The indemnity provision at issue reads as follows:
(b) Notwithstanding the provisions of Article 8 or any other provision hereof, by reason of the additional hazard created by said structures and in consideration of the Lessor agreeing, notwithstanding such hazard, to operate with its equipment and employees over said Track No. 29, the Lessee shall and does hereby assume responsibility for and agrees to indemnify and hold harmless the Lessor, its successors and assigns, from and against all loss, costs and expenses, including attorneys’ fees, claims, suits and judgments whatsoever in connection with injury to or death of any person or persons or loss of or damage to property, including property of the Lessee, caused by or in any way connected with the installation, maintenance, use, operation or presence of said structures, or removal thereof, whether resulting from the operation of engines or cars on said Track No. 29 or from any cause whatsoever, and whether such injury, death, loss or damage results from negligence of Lessor, its agents or otherwise.
A contract which attempts to relieve a party of its own negligence will only be upheld if it expresses an intent to indemnify against the indemnitee’s negligence in clear and unequivocal terms. University Plaza Shopping Center, Inc. v. Stewart, 272 So.2d 507 (Fla.1973). Eshelman argues that the indemnity clause is not clear and unequivocal because it does not purport to relieve Seaboard from liability as a result of its “sole” negligence. We disagree. A common sense reading of this provision leaves no doubt that Eshelman would be obligated to indemnify Seaboard for damages regardless of the extent to which Seaboard was negligent. See Joseph L. Rozier Machinery Co. v. Nilo Barge Line, Inc., 318 So.2d 557 (Fla. 2d DCA 1975), upholding a similar indemnity provision. Cf. L. Luria & Son, Inc. v. Alarmtec International Corp., 384 So.2d 947 (Fla. 4th DCA 1980); Middleton v. Lomaskin, 266 So.2d 678 (Fla. 3d DCA 1972), sustaining exculpatory clauses containing comparable language.
AFFIRMED.
SCHEB and CAMPBELL, JJ., concur.