442 So.2d 276 (1983)
MITCHELL MAINTENANCE SYSTEMS, A DIVISION OF LIFT-A-LOFT CORPORATION, a Foreign Corporation Doing Business in the State of Florida, Appellant,
v.
STATE of Florida DEPARTMENT OF TRANSPORTATION, an Agency of the State of Florida, and Ilse Anne McGarvey, As Personal Representative of the Estate of William McGarvey, Deceased, Appellees.
No. 82-2126.
District Court of Appeal of Florida, Fourth District.
November 23, 1983.
Rehearing Denied December 27, 1983.
*277 Marjorie Gadarian Graham of Jones & Foster, P.A., West Palm Beach, for appellant.
David A. Danielson of Brennan, McAliley, Hayskar, McAliley & Jefferson, P.A., West Palm Beach, for appellee Department of Transportation.
ANSTEAD, Chief Judge.
This is an appeal from a final judgment granting the Department of Transportation indemnification from Mitchell Maintenance Systems for damages assessed against the D.O.T. arising out of the maintenance of lighting fixtures on I-95.
Mitchell contracted with the D.O.T. to maintain lighting fixtures on I-95 in Palm Beach County. These fixtures had concrete bases sunk into the ground. The poles themselves were designed to break away at ground level if hit by a vehicle. Soil erosion around one pole caused the concrete base to extend above ground level. Subsequently, a car hit that base, and the driver was killed. The driver's estate sued the D.O.T. and Mitchell, alleging that their negligence caused the erosion. Mitchell settled with the plaintiff and crossclaimed against the D.O.T. for contribution. The D.O.T. in turn crossclaimed against Mitchell for indemnity, citing provisions of a contract between the parties. This provision reads:
CONTRACTOR covenants and agrees that it will indemnify and hold harmless DEPARTMENT and all of DEPARTMENT'S officers, agents, and employees from any claim, loss, damage, cost, charge or expense arising out of any act, action, neglect or omission by CONTRACTOR during the performance of the contract, whether direct or indirect, and whether to any person or property to which DEPARTMENT or said parties may be subject, except that neither CONTRACTOR nor any of its sub-contractors will be liable under this section for damages arising out of injury or damage to persons or property directly caused or resulting from the sole negligence of DEPARTMENT or any of its officers, agents or employees.
Based upon this clause and conflicting evidence of the parties' negligence, the lower court granted the D.O.T.'s claim for indemnification. On appeal, Mitchell claims that, *278 regardless of the existence of evidence of its own negligence, the D.O.T. is not entitled to indemnification if it too was negligent. We cannot agree.
In Florida, contractual provisions by which indemnitees are absolved from liability for their own negligence will be enforced only if these provisions are "clear and unequivocal." University Plaza Shopping Center, Inc. v. Stewart, 272 So.2d 507 (Fla. 1973); Goyings v. Jack and Ruth Eckerd Foundation, 403 So.2d 1144 (Fla. 2d DCA 1981). Such provisions have been upheld in a variety of factual settings. Joseph L. Rozier Machinery Co. v. Nilo Barge Line, Inc., 318 So.2d 557 (Fla. 2d DCA 1975); L. Luria & Son, Inc. v. Alarmtec International Corp., 384 So.2d 947 (Fla. 4th DCA 1980); Middleton v. Lomaskin, 266 So.2d 678 (Fla. 3d DCA 1972); John W. Eshelman & Sons, Inc. v. Seaboard Coast Line Railroad, 431 So.2d 345 (Fla. 2d DCA 1983). In Leonard L. Farber Co. v. Jaksch, Inc., 335 So.2d 847 (Fla. 4th DCA 1976), this court upheld a provision which relieved a lessor of all responsibility for losses occasioned wholly or in part by any act or omission of the lessee but which explicitly excluded the lessee from liability that was solely due to the negligence of the lessor. The lessor was granted indemnity even though the injury in question was caused in part by the lessor's own negligence. See also Marino v. Weiner, 415 So.2d 149 (Fla. 4th DCA 1982).
In our view the contractual provision here is clear and unequivocal and similar to the provisions upheld in Farber and Marino. The clause provides that Mitchell will indemnify D.O.T. for any claim arising out of Mitchell's performance of the contract, except where the claim is caused solely by the neglect of D.O.T. We reject Mitchell's contention that the words "sole negligence" as used in the clause contemplate an apportionment of damages based on the comparative negligence of Mitchell and D.O.T. respectively. Under this view the percentage of damages attributable to D.O.T.'s comparative negligence would constitute "damages ... resulting from the sole negligence" of D.O.T. and never be subject to indemnification. While it is possible that this is what the parties contemplated, that is simply not what the agreement says. Applying this interpretation, indemnity is appropriate if there is any evidence from which the judge could conclude that Mitchell was negligent. Mitchell candidly concedes that there is evidence that it was negligent. At the hearing, for example, an official of Mitchell testified that their employees were obligated to report soil erosion around lighting poles to the D.O.T. The D.O.T. introduced evidence that they were not notified of soil erosion around the pole hit by the car until after the accident. From this evidence, it is clear the judge could have concluded that Mitchell was negligent.
Accordingly, we affirm the decision of the trial court.
HERSEY and DELL, JJ., concur.