BOOTH, Judge.
This cause is before us on appeal from a final order granting appellee Enforcement Security Corporation’s (ESC) motion for summary judgment and dismissing ESC as a third-party defendant. Appellants, United Parcel Service (UPS) and Richard B. Hackelton, argue that the trial court erred in finding that a contract between ESC and appellant UPS did not provide for indemnification of UPS by ESC for losses occasioned by the parties’ joint negligence. We agree and reverse.
This dispute arose when John Lee, a security guard employed by ESC, was injured while providing security services for UPS. The injury occurred when Lee climbed onto a UPS tractor to cut security seals on the tractor’s cargo. While he was doing this, UPS employee Richard Hackelton began to drive the tractor. Lee fell off and was hurt. When Lee filed suit against Hackel-ton and UPS, they raised the affirmative defense that Lee’s own negligence was the proximate cause of his injuries. They also filed a third-party complaint against ESC for indemnity, based on the contractual indemnification clause which is the subject of this appeal.
The clause, executed as an amendment to the contract, provided as follows:
Any contrary or inconsistent provision in the attached agreement notwithstanding, Enforcement Security Corp. (hereinafter called “vendor”) agrees to be responsible for and to indemnify and hold harmless United Parcel Service, Inc., its parent, landlord, and affiliated companies (hereinafter collectively referred to as “UPS”) from any claims, losses, damages, expenses or liabilities of any kind or nature whatsoever, arising or alleged to have arisen in part, out of or in consequence of the work hereunder, which it may incur or sustain by reason of any act or omission of vendor or any employee of vendor and any injury suffered by any employee of vendor, including but not limited to personal injury (including death resulting therefrom), property damage, false arrest, willful detention, false imprisonment, malicious prosecution, defamation, libel and slander, assault, battery, embezzlement, larceny and dishonesty, except from and against all losses, damages, expense, etc., as set forth hereinabove, arising out of the sole negligence of UPS. (emphasis added)
The trial court found that the above language was a “general statement” of agreement that ESC would indemnify UPS but that the language could not be reasonably construed to reflect a clear agreement by ESC to indemnify UPS for UPS’s acts of negligence. The court further found that the only construction which could be given to the language was that the parties intended that ESC would indemnify UPS for the negligent acts of third parties only. In making these determinations, the court expressly relied on Charles Poe Masonry, Inc. v. Springlock Scaffolding Rental and Equipment Company, 374 So.2d 487 (Fla.1979), and found cases including Mitchell Maintenance Systems v. State, Department of Transportation, 442 So.2d 276 (Fla. 4th DCA 1983), and Marino v. Weiner, 415 So.2d 149 (Fla. 4th DCA 1982), to be distinguishable.
As noted by the trial court, contracts providing indemnification for one’s own negligence are disfavored in Florida and are strictly construed. Such contracts will be enforced only if they express an intent to indemnify in clear and unequivocal terms against the indemnitee’s own wrongful acts. Charles Poe, supra at 489. However, the language employed sub judi-ce appears quite similar to language found in other cases to be sufficiently specific to permit indemnification in situations involving allegations of joint negligence.
In Mitchell Maintenance Systems v. State, Department of Transportation, supra, the contractual language provided that the contractor would indemnify the *426 Department of Transportation (DOT) against
any claim, loss, damage, cost, charge or expense arising out of any act, action, neglect or omission by Contractor during the performance of the contract, whether direct or indirect, and whether to any person or property to which Department or said parties may be subject, except that neither Contractor nor any of its subcontractors will be liable under this section for damages arising out of injury or damage to persons or property directly caused or resulting from the sole negligence of Department or any of its officers, agents or employees.
The court held that the foregoing language was sufficiently specific to obligate the contractor to indemnify DOT, where both the contractor and DOT were negligent.
Similarly, in Marino v. Weiner, supra, the court examined this text:
Lessee shall indemnify Lessor and save harmless from suits, actions, damages, liability and expense in connection with loss of life, bodily or personal injury or property damage arising from or out of any occurrence in, upon, at or from the Demised Premises or the occupancy or use by Lessee of said premises or any part thereof, or occasioned wholly or in part by any act or ommission [sic] of Lessee.
The court found that this language was sufficient to manifest the lessee's “unequivocal intent” to indemnify the lessor in a situation where the lessor and lessee were jointly negligent. We fail to see any significant distinction between the quoted language and the contractual language sub judice.
Accordingly, we reverse the trial court’s ruling on the motion for summary judgment, reinstate ESC as a third-party defendant, and remand for further proceedings in accordance with this opinion.
THOMPSON and WIGGINTON, JJ., concur.