STONE, Judge.
We reverse a summary judgment entered in favor of Winn Dixie on a third party claim against Snowhite. The plaintiff in *111 the initial action was injured in a slip and fall involving a mat appellant supplied to appellee’s store. The only basis for imposing liability on Snowhite is the obligation incurred under an indemnity provision in Winn Dixie’s rental agreement, providing:
In consideration of your permitting us or our servants, agents, employees and representatives from time to time to enter upon or to place or maintain equipment upon premises owned or controlled by you for the purpose of servicing our account, we agree to indemnify and hold you harmless from any claim or loss arising in any manner out of the presence or activity of the undersigned or any of our servants, agents, employees and representatives or out of the presence of such equipment, when such persons or equipment are on your premises for the purpose of performing services, delivering or displaying goods, or otherwise transacting business or dealing with you in the interest or on behalf of the undersigned, and notwithstanding such accident or damage may have been caused in whole or part or negligence of you or any of your servants, agents or employees.
Patently, this provision is poorly worded.
It is undisputed that Snowhite and its employees were not negligent in any manner and that, as between Snowhite and Winn Dixie, Winn Dixie was solely negligent. Upon consideration of the agreement as a whole, and considering that Winn Dixie furnished the form without negotiating the indemnity terms, we conclude that the facts do not fall within the indemnity provisions of the agreement. See Ivey Plants, Inc. v. FMC Corp., 282 So.2d 205 (Fla. 4th DCA 1973), cert. denied, 289 So.2d 731 (Fla.1974). See also Gibbs v. Air Canada, 810 F.2d 1529 (11th Cir.1987), reh'g. denied, 816 F.2d 688 (11th Cir.1987).[1] A provision securing an indemnitee against its own negligence must be clear and unequivocal within the context of the agreement. University Plaza Shopping Center, Inc. v. Stewart, 272 So.2d 507 (Fla.1973); Ivey Plants, Inc. v. FMC Corp.; O’Connell v. Walt Disney World Co., 413 So.2d 444 (Fla. 5th DCA 1982); Gulf Oil Corp. v. Atlantic Coast Dine R.R. Co., 196 So.2d 456 (Fla. 2d DCA), cert. denied, 201 So.2d 893 (1967). The terms of this indemnity provision are not sufficiently clear or specific to require indemnification for Winn Dixie’s sole negligence, particularly as there is no apparent reason in the record to cause the court to read such a broad intent into the contract. See, generally, Northwestern Nat’l Ins. Co. v. Dade County, 461 F.2d 1158 (5th Cir.1972); Charles Poe Masonry, Inc. v. Spring Lock Scaffolding Rental Equip. Co., 374 So.2d 487 (Fla.1979); BPS Guard Servs., Inc. v. Gulf Power Co., 488 So.2d 638 (Fla. 1st DCA 1986).
Therefore, the summary judgment is reversed and the cause remanded for further proceedings.
DELL and GARRETT, JJ., concur.

. We note that no representative of Snowhite was on the premises. Therefore, we need not address the effect of the indemnity provision had that been the case.