GODERICH, Judge.
The plaintiff, R.C.A. Corporation [RCA], appeals from a final summary judgment entered in favor of the defendant, Penn-walt Corporation [Pennwalt]. RCA also appeals the denial of its motion for summary judgment. We reverse the portion of the trial court’s order granting Pennwalt’s motion for summary judgment and remand for further proceedings consistent with this opinion.
RCA contracted with the United States government to maintain facilities at a United States naval base. On June 12, 1985, RCA contracted with a division of Penn-walt for the purchase and installation of equipment at the naval base. Pennwalt subcontracted the installation of the equipment to BB & M Inc. [BB & M], On October 11, 1985, Scott Ritsema, an employee of BB & M, fell to his death while installing the equipment at the naval base.[1]
In August of 1986, Judy Price, individually and as personal representative of Ritse-ma’s estate [hereinafter collectively referred to as Ritsema’s estate] filed a wrongful death action against RCA. The complaint alleged, inter alia, that RCA was negligent in not providing safety equipment for use by Ritsema. RCA settled with Ritsema’s estate for $100,000.00.
On September 21, 1988, RCA filed this action for contractual indemnification against Pennwalt. The action was based on the indemnification clause entered into between RCA and Pennwalt (Seller) which provides as follows:
14. INDEMNIFICATION: To the extent that Seller’s agents, employees or subcontractors enter upon premises occupied by or under control of RCA, or any of its customers or suppliers, in the course of the performance of this Order, Seller shall take all necessary precautions to prevent the occurrence of any injury (including death) to any person, or any damage to any property, arising out of any acts or omissions of such agents, employees, or subcontractors, and except to the extent that any such injury or damage is due solely and directly to RCA’s negligence, shall indemnify RCA against any loss, claim, damages, liability, expense (including reasonable attorneys’ fees) and cause of action, whatsoever, arising out of any act or omission of the Seller, its agents, employees or subcontractors, and Seller shall maintain such Public Liability, Property Damage and Employer’s Liability and Compensation Insurance as will protect RCA from any of said risks and from any claims under any applicable Worker’s Compensation and Occupational Disease Acts, (emphasis added).
Thereafter, both RCA and Pennwalt moved for summary judgment on the indemnity claim. The trial court granted Pennwalt’s motion for summary judgment and denied RCA’s motion. We reverse the portion of the trial court’s order granting Pennwalt’s motion for summary judgment and remand for further proceedings. We base our reversal on our finding that the indemnification clause clearly and unambiguously indemnifies RCA under the circumstances of this case. See generally, L.M. Duncan & Sons, Inc. v. City of *622 Clearwater, 478 So.2d 816 (Fla.1985); United Parcel Serv. of Am., Inc. v. Enforcement Sec. Corp., 525 So.2d 424 (Fla. 1st DCA 1987), review denied, 525 So.2d 878 (Fla.1988).
Pennwalt contends that the phrase “to any person” does not include its agents, such as Ritsema, but refers only to third parties.[2] We do not agree. As applied to the case at hand, the plain and simple meaning of the phrase “any person” is that the indemnitor, Pennwalt, will indemnify the indemnitee, RCA, for the death or injury to any person, including the indemnitor’s agents. Moreover, there is nothing in the indemnification clause that would indicate otherwise.
Pennwalt also argues that the indemnification clause is not applicable in the instant case since RCA was, in part, an active tort-feasor. We disagree. “[C]on-tracts providing indemnification for one’s own negligence are disfavored in Florida and are strictly construed. Such contracts will be enforced only if they express an intent to indemnify in clear and unequivocal terms against the indemnitee’s own wrongful acts.” United Parcel, 525 So.2d at 425; see also Charles Poe Masonry, Inc. v. Spring Lock Scaffolding Rental Equip. Co., 374 So.2d 487, 489 (Fla.1979); University Plaza Shopping Center, Inc. v. Stewart, 272 So.2d 507 (Fla.1973).
The language contained in the indemnification clause clearly indicates that it was the parties’ intention that Pennwalt indemnify RCA even though the parties are jointly negligent. The indemnification clause states that Pennwalt has no duty to indemnify RCA only if “any such injury or damage is due solely and directly to RCA’s negligence, ...” (emphasis added).[3] Therefore, the language contained in the indemnification clause establishes that RCA is entitled to indemnification even though RCA was partly negligent.
Accordingly, we reverse the portion of the trial court’s order granting Pennwalt's motion for summary judgment, and remand for further proceedings.

. In the present action, the parties have stipulated that Ritsema, Pennwalt’s agent, was at least one percent (1%) negligent, and therefore, Ritsema’s death was due to causes other than RCA’s ’’sole” negligence.

. Pennwalt acknowledges that Ritsema was its agent at the time of the accident.

. See supra note 1.