STONE, Judge,
dissenting.
In my judgment, the terms of the parties’ indemnity agreement do not obligate Hardrives to pay for DOT’s defense. There was one count against each party and the jury found against the plaintiff on both. The indemnity terms do not impose liability for any and all claims nor for claims arising in any manner. The claim against DOT did not involve Hardrives’ performance of its duties under the contract. The claim against DOT was not based on vicarious liability. It was simply for DOT’s negligence arising out of a road condition predating the Hardrives contract.
Mitchell Maintenance Systems v. State of Florida D.O.T., 442 So.2d 276 (Fla. 4th DCA 1983) does not apply notwithstanding a similarity in contract terms with those here, because in Mitchell both parties were negligent. The plaintiff’s claim against DOT in this case, unlike the claim in Mitchell, did not involve any action or omission of the road contractor. To hold otherwise requires our adding terms to the contract *1032 that impose on an otherwise innocent contractor the same liability for DOT defense costs that would be born by an insurer. I do not find such a provision in the contract. Therefore, I would reverse.