633 So.2d 65 (1994)
WINN DIXIE STORES, INC., Appellant,
v.
D & J CONSTRUCTION CO., a/k/a D & J Construction, Inc., Appellee.
No. 92-3450.
District Court of Appeal of Florida, Fourth District.
February 16, 1994.
Rehearing and Rehearing Denied March 10, 1994.
Richard N. Blank of Richard N. Blank, P.A., Fort Lauderdale, for appellant.
Shelley H. Leinicke and Ila J. Klion of Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Lane, P.A., Fort Lauderdale, for appellee.
Rehearing and Rehearing En Banc Denied March 10, 1994.
PER CURIAM.
We reverse the summary judgment against Winn Dixie on the grounds that the indemnity agreement between appellant and appellee clearly covered the claim made against Winn Dixie upon which it was seeking contractual indemnity from D & J. See John W. Eshelman & Sons, Inc. v. Seaboard Coast Line R. Co., 431 So.2d 345 (Fla. 2d *66 DCA 1983); Kressley-Davis, Inc. v. Winn-Dixie Stores, Inc., 340 So.2d 501 (Fla. 3d DCA 1976); Joseph L. Rozier Machinery Co. v. Nilo Barge Line, Inc., 318 So.2d 557 (Fla. 2d DCA 1975).
In this case the indemnity agreement covered "any claim or loss arising in any manner out of the presence or activity of [D & J] or any of our servants, agents, or employees or representatives or out of the presence of such equipment when such persons or equipment are on your premises for the purposes of performing services ... notwithstanding such accident or damage may have been caused in whole or in part or negligence of you [Winn Dixie] or any of your servants, agents or employees." The employee of D & J slipped and fell in a puddle from a leak in a roof which was not part of D & J's work. While D & J was not at fault, it appears that the language of the indemnity agreement clearly encompassed indemnity as to those losses and claims.
Although the indemnity agreement is identical, Snowhite Dust Control Services, Inc. v. Becker, 568 So.2d 110 (Fla. 4th DCA 1990), is distinguishable on its facts as no agent or employee of Snowhite was present on the premises when the accident occurred. In footnote 1 the court specifically noted that it need not address the effect of the indemnity provision had that been the case. Id. at 111. Therefore, we limit Snowhite to its facts and reverse and remand for entry of a summary judgment on liability in Winn Dixie's favor.
GUNTHER and WARNER, JJ., concur.
HERSEY, J., dissents with opinion.
HERSEY, Judge, dissenting.
I would affirm on the authority of Snowhite Dust Control Services., Inc. v. Becker, 568 So.2d 110 (Fla. 4th DCA 1990).