636 So.2d 101 (1994)
STATE OF FLORIDA, DEPARTMENT OF TRANSPORTATION, Appellant,
v.
V.E. WHITEHURST & SONS, INC., Appellee.
No. 93-11.
District Court of Appeal of Florida, First District.
April 7, 1994.
Rehearing Denied May 19, 1994.
*102 Lee T. Griffin and Alan K. Ragan, Jacksonville, for appellant.
Francis J. Carroll, Jr., Daytona Beach, for appellee.
KAHN, Judge.
Appellant, the State of Florida, Department of Transportation (FDOT), challenges a Final Order Granting Third Party Defendant's, Whitehurst's, Motion to Dismiss the Department's Second Amended Third Party Complaint. FDOT urges us to find error because the second amended third party complaint stated a cause of action for indemnity and contribution. We affirm in part and reverse in part.
*103 On October 8, 1991, Willie Duncan, Jr. and his wife Judy initiated an action against FDOT sounding in negligence. The complaint alleged that an FDOT employee negligently operated an FDOT vehicle and struck Duncan, an employee of Whitehurst Construction. Whitehurst was an FDOT contractor engaged in a repaving project.
FDOT brought a third party action against Whitehurst, seeking indemnification or contribution. Whitehurst filed a response containing affirmative defenses and motions to dismiss. The trial court granted Whitehurst's motions, giving FDOT leave to file an amended complaint. FDOT then amended its third party complaint, which was again dismissed with leave to file a second amended third party complaint. FDOT filed a second amended third party complaint seeking indemnification or contribution from Whitehurst.
In the Second Amended Third Party Complaint, FDOT alleged entitlement to indemnity from Whitehurst under a hold harmless provision contained in the construction contract between Whitehurst and FDOT (R. 75-76). The provision stated:
To the extent allowed by law the contractor shall indemnify, defend and save and hold harmless, the State, the Department and all of its officers, agents or employees from all suits, actions, claims[,] demands, liabilities of any nature whatsoever arising out of, because of, or due to breach of this agreement by the contractor, its subcontractors, agents or employees or due to any negligent act or occurrence of omission or commission of the contractor, its subcontractors, agents or employees. Neither contractor nor any of its subcontractors will be liable under this section for damages directly caused or resulting from the sole negligence of the Department or any of its officers, agents or employees. The parties agree that 1% of the total compensation of the contractor for performance of this agreement is the specific consideration for the Department to the contractor for the contractor indemnity agreement.
In the Second Amended Third Party Complaint, FDOT contended:
Whitehurst negligently failed to adequately supervise Plaintiff and negligently failed to take precautionary measures to prevent harm to Plaintiff, including but not limited to failing to clothe the Plaintiff in sufficient reflective clothing and failing to erect "the safety cones" which would be necessary to reasonably insure the safety of Plaintiff given that Whitehurst required him to work in close proximity to onrushing traffic.
The complaint further alleged that the above-described negligence of Whitehurst directly and proximately caused or contributed to the injuries allegedly sustained by Duncan as set forth in the complaint. Because the indemnity agreement stated that Whitehurst would indemnify FDOT unless FDOT was solely negligent, FDOT demanded contractual indemnity under the agreement.
FDOT also claimed a right to contribution from Whitehurst pursuant to section 768.31, Florida Statutes. In the Second Amended Third Party Complaint, FDOT maintained that "Whitehurst's negligent acts ... were of a nature so substantially certain to result in injury that these acts amounted to gross negligence." FDOT further asserted:
As plaintiff's injuries were the direct and proximate result of the gross negligence of Whitehurst, Whitehurst is not immune from an action for contribution under Section 440.11, Florida Statutes, providing for the exclusive liability of an employer to an employee.
The trial court without explanation or comment dismissed the Second Amended Third Party Complaint with prejudice.
We reverse the order as to the indemnity count and affirm the order as to the contribution claim. The trial court erred in dismissing the Second Amended Third Party Complaint because the allegations stated a cause of action for indemnification against Whitehurst based on the contractual provision that Whitehurst would indemnify FDOT from all actions and liabilities "due to any negligent act or occurrence of omission or commission of the contractor, its subcontractors, agents or employees" and the provision providing indemnification except for "damages *104 directly caused or resulting from the sole negligence of the Department or any of its officers, agents or employees." Factual determinations such as whether Whitehurst was negligent or whether FDOT was solely at fault are not properly determined in a motion to dismiss. L.M. Duncan & Sons v. City of Clearwater, 478 So.2d 816 (Fla. 1985) (motion to dismiss may not serve as a vehicle to resolve issues of fact).
Whitehurst contended in the answer brief and at oral argument that the indemnity provision is limited to claims arising out of a breach of the contract. In the brief, however, Whitehurst cited only part of the contractual provision and excluded the relevant portion of the indemnification provision cited above. The indemnity clause, which Whitehurst agreed to, is phrased in the disjunctive, thus triggering the hold harmless requirement for liability occasioned not only by breach, but also by negligence of "the contractor, its subcontractors, agents or employees." We are cited no authority suggesting we must look only to the question of breach of contract in evaluating the legal sufficiency of the indemnification claim.
Whitehurst also asserts that FDOT must support the indemnity claim by alleging it is without fault. Although such a pleading requirement holds true for common law indemnity, it does not apply to contractual indemnity. See University Plaza Shopping Center, Inc. v. Stewart, 272 So.2d 507 (Fla. 1973) (indemnitee may enter an indemnity contract protecting it from its own negligence if the contract clearly and unequivocally expresses such an intent); Houdaille Industries, Inc. v. Edwards, 374 So.2d 490, 492, n. 2 (Fla. 1979).
Whitehurst next argues that the contract did not contain sufficient language of intent to indemnify FDOT for its own negligence. This line of contention would read Cox Cable Corp. v. Gulf Power Co., 591 So.2d 627 (Fla. 1992), as establishing a new standard for determining the right to contractual indemnification. In that case, however, the supreme court merely reaffirmed the insufficiency of the same "general terms" previously rejected in University Plaza and Charles Poe Masonry, Inc. v. Spring Lock Scaffolding Rental Equipment Co., 374 So.2d 487 (Fla. 1979) (extending the clear and unequivocal language requirement to cases of joint liability between indemnitor and indemnitee). Although general language providing for indemnity "from and against any and all claims", Cox Cable at 629, will not support indemnity for indemnitee's own negligence, the cases recognize that inclusive language may give rise to indemnity.
In Charles Poe Masonry, 374 So.2d at 489, the court distinguished Leonard L. Farber Co., Inc. v. Jaksch, 335 So.2d 847 (Fla. 4th DCA 1976), reciting the contractual language in Jaksch: "Lessee shall indemnify Lessor and save it harmless from suits ... occasioned wholly or in part by any act or omission of Lessee." 335 So.2d at 847-848. The court interpreted the "in part" language as manifesting a clear and unequivocal intent to indemnify a lessor in joint liability cases. Id. The contracts in Charles Poe Masonry and Cox Cable contained no such language.
Cases such as R.C.A. Corp. v. Pennwalt Corp., 577 So.2d 620 (Fla. 3d DCA 1991), United Parcel Service of America, Inc. v. Enforcement Security Corp., 525 So.2d 424 (Fla. 1st DCA 1987), rev. denied, 525 So.2d 878 (Fla. 1988), and the cases cited therein have found indemnity provisions very similar to the provision in the instant case sufficient to express a clear and unequivocal intent that the indemnitor intended to indemnify the indemnitee for his own negligence. In R.C.A., as in the instant case, the provision provided for indemnification for all suits except those resulting from the indemnitee's sole negligence. The court in R.C.A. held that the indemnification clause clearly and unequivocally indicated the parties' intent, pointing to the limitation negating a duty to indemnify for any injury or damage "due solely and directly to RCA's own negligence." Here, Whitehurst contracted to indemnify FDOT, save for any damages "directly caused or resulting from the sole negligence of the Department or any of its officers, agents or employees." The exception for the indemnitee's sole negligence, read in the context of the entire provision, sufficiently expresses the parties' contemplation of indemnity *105 in instances of loss caused by other than FDOT's sole negligence.
FDOT contends that the court may have based the dismissal on the exclusivity provision of the Workers' Compensation Act. § 440.11(1), Florida Statutes. As FDOT correctly points out, section 440.11(1) is unconstitutional when applied to absolutely bar a third party tortfeasor's claim for indemnification from an employer who paid workers' compensation benefits to his employee. Sunspan Engineering & Constr. Co. v. Spring-Lock Scaffolding Co., 310 So.2d 4 (Fla. 1975) (common law indemnification); L.M. Duncan & Sons, Inc. v. City of Clearwater, 478 So.2d 816 (Fla. 1985) (contractual indemnification).
For the above reasons, we reverse the trial court order granting Whitehurst's motion to dismiss FDOT's second amended third party complaint for indemnification.
We affirm dismissal of the contribution count. The complaint failed to allege all of the elements required for a cause of action for contribution. To support an action for contribution, the pleading must adequately allege common liability. § 768.31(2)(a), Fla. Stat. (1991). Such a common liability cannot exist where the employer is immunized under section 440.11(1), Florida Statutes. Seaboard Coast Line R. Co. v. Smith, 359 So.2d 427 (Fla. 1978). In order to overcome that immunity, the complaint must allege "a deliberate intent to injure or ... conduct which is substantially certain to result in injury or death." Lawton v. Alpine Engineered Products, Inc., 498 So.2d 879, 880 (Fla. 1986). This standard requires more than a strong probability of injury. It requires virtual certainty. Id. In Fisher v. Shenandoah Gen. Constr. Co., 498 So.2d 882, 884 (Fla. 1986), the Supreme Court quoted with approval Prosser & Keeton on Torts 36 (W. Keeton 5th ed. 1984):
[T]he mere knowledge and appreciation of a risk  something short of substantial certainty  is not intent. The defendant who acts in the belief or consciousness that the act is causing an appreciable risk of harm to another may be negligent, and if the risk is great the conduct may be characterized as reckless or wanton, but it is not an intentional wrong.
498 So.2d at 884. Citing Lawton and Fisher, this court recently held in GMAC v. David, 632 So.2d 123 (Fla. 1st DCA 1994), that GMAC and its local manager were immune from suit where the company had secured workers' compensation coverage and the facts failed to establish that the defendants' conduct  in directing employees to work in a credit/lending office which had no security although some customers had criminal histories and histories of violence and bad credit and resided in areas known for drugs and violence  was substantially or virtually certain to result in injury or death. Similarly, the ultimate fact allegations raised in DOT's second amended third party complaint (failure to place safety cones, lack of supervision and failure to provide Duncan with reflective clothing) do not, under any permissible construction, rise to the level of an intentional tort or virtual certainty of injury or death.
AFFIRMED in part, REVERSED in part, and REMANDED.
MINER and LAWRENCE, JJ., concur.